Joe SILVERBURG, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

Supreme Court of Kentucky.

Sept. 11, 1979.

Rehearing Denied Oct. 3, 1979.

**242**

Jack E. Farley, Public Advocate, Linda K. West, Asst. Public Advocate, Commonwealth of Kentucky, Frankfort, for appellant.

Robert F. Stephens, Atty. Gen., Miles H. Franklin, Asst. Atty. Gen., Commonwealth of Kentucky, Frankfort, for appellee.

STERNBERG, Justice.

On November 21, 1977, the Grand Jury of Fayette County, Kentucky, returned an indictment against the appellant charging him with murder and with being a persistent felony offender in the second degree. Trial commenced on April 17, 1978, and the following day, on motion of the appellant, the court declared a mistrial and granted the appellant a continuance. Thereafter, commencing on May 30, 1978, a four-day trial resulted in a jury verdict finding the appellant guilty of being an accessory to first-degree manslaughter and fixing his punishment at confinement in the penitentiary for twelve years. In a bifurcated proceeding the appellant was found guilty of being a persistent felony offender in the second degree, and his punishment was fixed at twenty years in the penitentiary.

First Trial

(April 17, 1978–April 18, 1978)

On February 15, 1978, the appellant filed a discovery motion which, on March 16, was granted in part. The Commonwealth's Attorney failed to wholly comply with the discovery order and the appellant thereupon moved the court for a continuance. Thereafter, he moved the court to dismiss the indictment. The motion for a continuance was granted, and the motion to dismiss the indictment was denied.

When a trial is continued on motion of the accused, the general rule is that double jeopardy does not attach when the case is again brought on for trial. There is, however, a different rule where a mistrial has been caused by the bad faith of the Commonwealth's Attorney or the court.

In *Commonwealth v. Lewis*, Ky., 548 S.W.2d 509 (1977), we said:

".  .  . When a trial is aborted at the volition of the defendant himself, the considerations are different from those that prevail when the interruption is precipitated by the prosecution or by the trial court sua sponte. *United States v. Dinitz*, 424 U.S. 600, 608, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976). Broadly speaking, if there is no bad faith and the choice has not been forced upon the defendant, he is not in a position to cry double jeopardy when the trial is relaunched.  .  .  ."

In *United States v. Dinitz*, 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976), the Supreme Court of the United States said:

"The Double Jeopardy Clause does protect a defendant against governmental actions intended to provoke mistrial requests and thereby to subject defendants to the substantial burdens imposed by multiple prosecutions. It bars retrials where 'bad-faith conduct by judge or prosecutor,' *United States v. Jorn* (400 U.S. [470], at 485, 91 S.Ct. [547], at 557 [27 L.Ed.2d 543], threatens the '(h)arassment of an accused by successive prosecutions or declaration of a mistrial so as to afford the prosecution a more favorable opportunity to convict' the defendant.  .  .  ."

The appellant argues that he was furnished with a fictitious list of witnesses; that the Commonwealth's Attorney failed to furnish him with the names of the persons used in the identification lineup; and that the Commonwealth's Attorney failed to furnish him with the results and the report of the lineup.

It is true that the Commonwealth's Attorney's list of proposed witnesses contained the names of persons who knew nothing of the incident as well as the names of persons who did know of the facts. It is likewise true that the list did not contain the names of all of the persons who were used in the identification lineup. The appellant argues that such conduct was for the purpose of reducing his investigative time. The record reveals that the time for investigation was not reduced as appellant's investigator stopped his work short of contacting all of the persons whose names were furnished by the Commonwealth's Attorney's office. The Commonwealth's Attorney attempted to explain his failure to furnish the names of all persons who had knowledge of the case by saying that he furnished the names of all eyewitnesses. He deemed this sufficient. The furnishing of the names of all eyewitnesses and not furnishing the names of other knowledgeable witnesses was not in compliance with the pretrial order, but was not substantial error.

The appellant directs our attention to the fact that he had not been furnished with a copy of the police identification lineup report. There is no obligation on the part of the Commonwealth to permit its records to be examined promiscuously by the accused. The Commonwealth is under no obligation to furnish a writing unless it contains exculpatory evidence, in which event the writing must be furnished to the accused in time for a due investigation to be made. RCr 7.24; *Burks v. Commonwealth*, Ky., 471 S.W.2d 298 (1971).

The lineup report was furnished to appellant's trial counsel on April 17, 1978, the day the trial first started. The Commonwealth's Attorney explained as follows:

"Your Honor, I received this report today. I talked to Jerry Wright and asked him if there was a line-up report. He told me no, there wasn't. He was the major investigating officer in the case. I did find out today, after asking Jerry Wright to please go through and look at everything in the file, if there is a memorandum, letters, anything, a report, in the case file, dealing with line-up; and he did produce this, which is a report of Mike Moynahan; and I gave it to the defendant, his attorney, right at lunch, at the break, after he left this hearing."

On the second day of the trial the court sustained the appellant's motion to set aside the swearing of the jury and to continue the trial. In doing so, the judge said:

"The Court sustains the defense motion to set aside the swearing of the jury and to grant a continuance. It appears to the Court that certain information was promised to the defense counsel concerning the statements made by the defendant. Although the law is clear that the Commonwealth is not bound to give that to you, nevertheless, they voluntarily agreed to do that. The Court also reverses its ruling on your prior motion to set aside the swearing of the jury, due to insufficient discovery responses by the Commonwealth, timely made, and will set a new date for the trial; and you'll need to come down to my office for that."

The record reveals that appellant's investigative time was not reduced and although the appellant charges that he was thereby prejudiced, he has not shown any prejudice. We must bear in mind, however, that the criterion is not prejudice; it is purely and simply bad faith action on the part of the court or the Commonwealth's Attorney so as to afford the prosecution a more favorable opportunity to convict. That is the criterion. The Commonwealth's Attorney is under as great an obligation to comply with the order of the court as anyone. As a matter of fact, his duty as an officer of the court compels him to be more concerned with complying with the court's order.

■ It is not claimed by the appellant that he was forced into a mistrial so as to afford the Commonwealth a more favorable opportunity to convict. As a matter of fact, it would appear that the continuance, if anything, was more helpful to the appellant in allowing him more time, if needed, in the preparation of his defense. He had the report of the lineup identification and, even if it contained exculpatory evidence, which is doubtful, he had over thirty days to investigate it. The Commonwealth's Attorney objected to the continuance; however, we are of the opinion that the trial judge acted properly in setting aside the swearing of the jury and granting a continuance. It is not shown that the Commonwealth was in any way benefited by the continuance or that the appellant was caused to be jeopardized in his defense. Although the conduct of the prosecuting attorney was not beyond criticism, we cannot conclude that the trial judge was in error in failing to find such bad faith on the part of the Commonwealth's Attorney as would justify a holding of a violation of the protection clause of the Fifth Amendment (double jeopardy) in his subsequent retrial.

### Second Trial
### (May 30, 1978–June 2, 1978)

■ Next, the appellant argues that the trial court erroneously admitted into evidence appellant's admission. The appellant voluntarily appeared at the Lexington police station in the early evening of October 18, 1977. He was advised of his *Miranda* rights and was questioned by Detective Jerry Wright. Following the interrogation, the appellant voluntarily submitted to a polygraph examination and, thereafter, was advised by Officer Wright that he had failed the test. The appellant was then placed under arrest and again advised of his *Miranda* rights. The appellant made the following statement as to his relationship to the case, "what if I was close to it, I wasn't in the place but I heard what two dudes was planning." He argues that since he was informed that he had failed the polygraph examination his confession was involuntary.

We see no improper influence which would constitute a coercive effect by being advised that he had failed the polygraph test. The polygraph examination was properly administered; the appellant had the mental capacity to voluntarily submit to the test; he did so and failed it. There is no evidence which would justify the appellant's contention that his statement was not voluntarily made.

■ The appellant charges that the trial court erred by refusing to give an instruction on second-degree manslaughter and reckless homicide.

The evidence is not supportive of any inference that the homicide in this case was anything but intentional. Consequently, the appellant was not entitled to an instruction on manslaughter or reckless homicide. See *Wiseman v. Commonwealth,* Ky., 587 S.W.2d 235 (rendered June 12, 1979).

■ Prior to the trial of being a persistent felony offender (June 2, 1978), appellant's trial counsel unsuccessfully sought to have the charge dismissed on the grounds that even though the appellant had previously been convicted of a Class D felony (perjury), the sentence of one year which had been imposed on the conviction had been modified to a sentence of ten months in the county jail, a misdemeanor not a felony.

The judgment and sentence on the perjury conviction was entered by the trial judge on May 14, 1976. Purporting to act under the authority of KRS 532.070, the trial judge on June 21, 1976, entered an order modifying the perjury sentence. KRS 532.-070 does not define the time within which the judgment complained of may be set aside or modified. Where the Criminal Rules do not provide a time, the Civil Rules shall apply. RCr 1.10. CR 59.05 provides that a judgment may be altered, amended or vacated within ten days after the entry of the final judgment. The order of June 21, 1976, was entered 38 days subsequent to the May 14, 1976, judgment. The court had lost jurisdiction of the case and the entry of the order modifying the sentence is void.

The trial court did not err in denying appellant's motion to dismiss.

The judgment is affirmed.

All concur.