Marc Joseph McMURRAY, Appellant,

v.

COMMONWEALTH of
Kentucky, Appellee.

Court of Appeals of Kentucky.

Jan. 11, 1985.

Richard N. Rose, Fayette County Legal Aid, Inc., Lexington, for appellant.

David L. Armstrong, Atty. Gen., Sarah M. Jackson, Asst. Atty. Gen., Frankfort, for appellee.

Before HOWERTON, WILHOIT and DUNN, JJ.

DUNN, Judge.

McMurray appeals from the Fayette Circuit Court's denial of his RCr 11.42 motion to vacate its judgment entered November 16, 1983, setting aside its judgment previously entered October 4, 1983, obviously 10

days after the first judgment. The earlier judgment fixed his punishment at a recommended 1 year imprisonment on his guilty plea to 3rd degree burglary, but withheld imposition of the punishment and sentenced him to a recommended 5 years' probation, one of the conditions of which was that he spend 6 months in jail. The later judgment of November 16 set aside the earlier sentence of probation and increased the punishment from the original one year to 5 years with no probation. In his RCr 11.42 motion McMurray prayed to have the earlier October 4 judgment reinstated. We agree it should be and, hence, reverse.

The trial court entered the earlier judgment relying on McMurray's statement to the probation officer who had prepared the presentence investigation report that "... this is the only trouble I've ever been in." On October 3 the probation officer received information from the State of Iowa that McMurray had experienced several felony convictions, had been guilty of numerous probation violations, had escaped from the Des Moines Correctional Facility, had his probation revoked and was presently being sought by Iowa authorities. The trial court was so advised by letter from the probation officer dated October 3 but not received by the trial court until after the first sentencing. On November 3, 1983, apparently as a result of the letter, the trial court sua sponte ordered McMurray to appear before it on November 11, 1983, for resentencing. On November 16 as a result of that hearing, which included consideration of an amended presentence investigation report containing the Iowa information, the judgment sought to be vacated was entered.

█ In setting aside the earlier judgment, the trial court erred in ignoring the general principle, recognized by the commonwealth appellee in its brief, that a trial court loses control of its judgment 10 days after its entry. *Silverburg v. Commonwealth*, Ky., 587 S.W.2d 241 (1979). When our criminal rules do not supersede our civil rules or are not inconsistent with them, our civil rules apply. Since our crim-

inal rules do not provide for trial court control of criminal judgments, our civil rule 10 day control provision applies. *See* RCr 1.10, RCr 13.04 and CR 59.05. The trial court could not amend its original judgment since 10 days had obviously passed when it did so.

█ The only proper procedure available for the trial court to vacate or amend the earlier judgment would have been as a result of a hearing had on the basis of the commonwealth filing a CR 60.02 judgment procured by fraud motion, supported by sufficient affidavit, all of which to be served on McMurray with proper notice of hearing. In fact, this procedure might still be available. *See* CR 60.02 and *Fanelli v. Commonwealth*, Ky., 423 S.W.2d 255 (1968).

The commonwealth argues that the trial court used this method since it gave the matter CR 60.02 treatment, presumably considering the letter from the presentence investigation probation officer as a motion.

We cannot accept this reasoning for at least 3 procedural reasons: 1) The probation officer had no standing to file any motion either as an individual or as attorney for the commonwealth, 2) the unverified letter, even if it was a motion, was not supported by affidavit as required by CR 43.12, and 3) it was not served on McMurray with notice of hearing as required by CR 5.01.

The order of the Fayette Circuit Court denying McMurray's RCr 11.42 to vacate the final judgment entered November 23, 1983, amending its judgment entered October 4, 1983, is REVERSED and this case is REMANDED for reinstatement of the October 4, 1983, judgment and for the conduct of proceedings that are necessary as a result of such reinstatement.

All concur.