Robert C. SHEPHERD, Appellant,

v.

COMMONWEALTH of
Kentucky, Appellee.

COMMONWEALTH of Kentucky,
Cross–Appellant,

v.

Robert C. SHEPHERD, Cross–Appellee.

William Miller JONES, Appellant,

v.

COMMONWEALTH of
Kentucky, Appellee.

Nos. 87–SC–668–TRG, 87–SC–669–TRG
and 87–SC–711–TRG.

Supreme Court of Kentucky.

Nov. 5, 1987.

---

OPINION AND ORDER OF
THE COURT

TRANSFERRING APPEALS TO THE
SUPREME COURT OF KENTUCKY

STEPHENS, Chief Justice.

In each of the above-styled cases an appeal was perfected in the Court of Appeals from a conviction in a criminal case where the sentence imposed was at least 20 years. The Court of Appeals, by order, has recommended transfer of the appeals to this court because it does not have jurisdiction.

Kentucky Constitution Section 110(2)(b) vests exclusive jurisdiction of appeals in which a sentence of 20 years or more has been imposed in the Supreme Court of Kentucky. The Court of Appeals does not have jurisdiction to hear such appeals.

The provision of the constitution is plain, and there is no reason why it should be misunderstood by practicing lawyers. Nevertheless, we have experienced an increasing number of appeals which have been perfected improperly in the Court of Appeals. Heretofore, on motion, we have routinely transferred these appeals to this court.

The filing of appeals in the Court of Appeals which that court has no jurisdiction to hear creates an unnecessary burden upon that court, causes expenditure of judicial time in effecting the transfer, and causes some delay in the administration of justice.

In accord with our past practice, we hereby grant the transfer of the appeals and the cross-appeal in the above-captioned cases. In future situations of this type the bar is hereby notified that we may deny the request to transfer the appeal. In that case it will be necessary for the Court of Appeals to dismiss the appeal for lack of jurisdiction.

In such a case, the dismissal of the appeal would be caused by the ineffectiveness of counsel, and a motion for the grant of a belated appeal could be filed in this court. When an appeal is reinstated or is granted belatedly because of ineffective assistance of counsel, the offending counsel may be sanctioned for his dereliction. *Commonwealth v. Wine*, Ky., 694 S.W.2d 689 (1985).

The captioned appeals and the captioned cross-appeal are transferred from the Court of Appeals to the Supreme Court of Kentucky.

All concur.