**Robert GALUSHA, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 91–CA–1236–MR.

Court of Appeals of Kentucky.

July 10, 1992.

C. McGehee Isaacs, Asst. Public Advocate, Newport, for appellant.

Chris Gorman, Atty. Gen., Robert W. Hensley, Asst. Atty. Gen., Frankfort, for appellee.

Before GUDGEL, MILLER and STUMBO, JJ.

MILLER, Judge.

Robert Galusha brings this appeal from a "Final Judgment and Revocation of Proba-

tion" entered in the Ballard Circuit Court on May 2, 1991, whereby he was sentenced to the "state penitentiary for a maximum term of 20 years at hard labor." We remand with directions.

The facts of the case are these: On June 21, 1990, Galusha entered pleas of guilty to a number of minor felonies (pertaining to theft), and was sentenced to a total of eight years in the penitentiary. Subsequent to imposition of the sentence, Galusha filed a "Motion to Suspend Further Execution of the Sentences and for Probation," pursuant to Kentucky Revised Statute (KRS) 439.265 (shock probation statute). A hearing was held on the motion on October 9, 1990, with Galusha being present. The Commonwealth opposed the motion. On October 22, 1990, the circuit court entered an order probating Galusha upon certain conditions. Apparently, one of the conditions was that Galusha had agreed that his sentence would be increased to a total of twenty years. An order was entered increasing the sentence accordingly and Galusha was released on probation. A little over three months passed when one of the probation officers advised the judge of certain "nefarious activities" on the part of Galusha. Ultimately, a motion to revoke probation was filed and a hearing was held, after which probation was revoked and he was sentenced to twenty years at hard labor. It is this order which forms the basis of this appeal. Galusha contends the circuit court was without power and authority to increase his sentence from the original eight years to a term of twenty years.

In order to address the succinct issue, we feel it appropriate to call attention to a number of authorities which we do not deem dispositive, but are nevertheless tangential to the question raised. In *Hord v. Commonwealth*, Ky., 450 S.W.2d 530, 531 (1970), it was held that the circuit court lacked power to increase an original one-year sentence to two years upon revocation of probation, same being repugnant to both the federal and state constitutions. The Court so held notwithstanding a statute (KRS 439.300(1)), now repealed, that provided that upon probation the trial court was authorized to "impose any sentence which might have been imposed at the time of conviction."

In *Commonwealth v. Williamson*, Ky., 492 S.W.2d 874 (1973), a challenge was made to the constitutionality of the shock probation statute (KRS 439.265). In upholding the constitutionality of the statute, the Court had this to say:

It is our opinion that the 1972 Act here in question reasonably may be considered as establishing a period, not unreasonably long, during which the court retains a *limited* control over its judgments in criminal cases. The Act says in substance that until the expiration of the period allowed for probating the sentence it is not final as regards commitment. (Emphasis added.)

*Id.* at 875. We find nothing in this case nor in the statute itself suggesting that shock probation may be employed as a vehicle to increase sentence.

In *McMurray v. Commonwealth*, Ky., 682 S.W.2d 794 (1985), the judgment fixed sentence at one year. Imposition of punishment was withheld and defendant was placed on five-years' probation. Subsequently, the court learned that defendant had misrepresented his prior criminal record. Being advised of several prior felony convictions, an escape from a correctional facility, and numerous probation violations, the circuit court, *sua sponte*, vacated the original judgment and entered judgment imposing a five-year sentence without probation. On appeal, the Court had this to say:

In setting aside the earlier judgment, the trial court erred in ignoring the general principle, recognized by the commonwealth appellee in its brief, that a trial court loses control of its judgment 10 days after its entry. *Silverburg v. Commonwealth*, Ky., 587 S.W.2d 241 (1979). When our criminal rules do not supersede our civil rules or are not inconsistent with them, our civil rules apply. Since our criminal rules do not provide for trial court control of criminal judgments, our civil rule 10 day control provision applies. See RCr 1.10, RCr 13.04 and CR 59.05. The trial court could not

amend its original judgment since 10 days had obviously passed when it did so. The only proper procedure available for the trial court to vacate or amend the earlier judgment would have been as a result of a hearing had on the basis of the commonwealth filing a CR 60.02 judgment procured by fraud motion, supported by sufficient affidavit, all of which to be served on McMurray with proper notice of hearing....

*Id.* at 795.

Finally, in *Commonwealth v. Tiryung,* Ky., 709 S.W.2d 454 (1986), the Supreme Court was faced with a fact situation where the defendant was admitted to probation by the trial court without a fixing of sentence. Subsequent proceedings, designed to revoke probation, were commenced, and the court attempted to revoke the nonexisting sentence and impose a sentence of confinement. Directing its attention to sentencing and the elimination of the possibility of enhanced sentence upon parole revocation, the Court stated:

The Court of Appeals concluded, and we agree, that probation standing alone does not function as a sentence because it provides no authorized penalty[.] ...

....

The statutory scheme requires imposition of a sentence of imprisonment or fine upon conviction, as appropriate for the offense committed, which must be rendered without unreasonable delay and before sentencing to probation. This eliminates the possibility that the convicted defendant will receive a greater punishment for the offense committed than is deserved because of subsequent conduct violating parole.

*Id.* at 455–456. Upon the whole of the case, however, the Supreme Court saw no harm in fixing a delayed, minimum sentence of one year predicated upon the fact that it constituted no additional punishment and that the defendant had failed to object to the court's failure to impose sentence at the time of his original plea.

Having examined the foregoing authorities and recognizing they are not dispositive of the issue at hand, we consider what we perceive to be the issue: whether the circuit court may, as a condition of shock probation, enhance the sentence first imposed. We think it cannot. We reach this conclusion notwithstanding the express wisdom of the trial court that if we so hold "there'll be very little shock probation." We are confident that deeper and more careful analysis will banish any such notion. The tenor of the authorities we have reviewed is clearly to the effect that when one is tried for an offense, upon a finding of guilt, he is entitled to have his sentence fixed with certainty and finality. Constitutional restraints prevent subsequent enhancement. *See Hord,* 450 S.W.2d at 531.

Finally, we find nothing in the shock probation statute to lead one to the rational belief that a prisoner is privileged to negotiate his release in the vein of Galusha— that is, agreeing to an enhanced sentence. In our view, entitlement to shock probation must rest upon an evaluation of a host of traditional criteria. A longer sentence may not supply the *quid pro quo* for probationary release. A rule which would allow a prisoner to obtain probation in exchange for a longer sentence in the event of revocation would, in our opinion, not only result in chaos, but invite intrusion of arbitrary power, something foreign to our system of government. Ky.Const. § 2. In the end, we think such a practice would offend the due process clauses and the double jeopardy clauses of both the federal and state constitutions.

For the foregoing reasons, this cause is remanded to the circuit court with directions to vacate the sentence imposed in the May 2, 1991, judgment, and reinstate the sentence provided in the original judgment of conviction.

All concur.