**Shaun STALLWORTH, Appellant,**

v.

**COMMONWEALTH OF KENTUCKY, Appellee.**

**No. 2000–SC–0211–MR.**

Supreme Court of Kentucky.

April 24, 2003.

Timothy G. Arnold, Assistant Public Advocate, Department of Public Advocacy, Fraknfort, for Appellant.

A.B. Chandler, III, Attorney General, John E. Zak, Assistant Attorney General, Criminal Appellate Division, Office of the Attorney General, George G. Seelig, Assistant Attorney General, Criminal Appellate Division, Office of the Attorney General, Frankfort, for Appellee.

### OPINION OF THE COURT

Shaun Stallworth, Appellant herein, appeals as a matter of right from a Marshall Circuit Court order revoking Appellant's shock probation and "reinstating" Appellant's twenty (20) year prison sentence. Ky. Const. § 110(2)(b). After Appellant's pleas of guilty, the trial court's final judgment fixed his sentence at ten (10) years. However, during subsequent proceedings on Appellant's motion for shock probation, Appellant agreed that the trial court could amend the final judgment to reflect a twenty (20) year sentence. Although this matter comes before the Court as an appeal from the order revoking Appellant's shock probation, Appellant raises no issue as to whether his probation should have been revoked, and instead, Appellant's primary arguments on appeal concern the validity of the amended, twenty (20) year sentence that he received as a result of the revocation. We agree with Appellant that the trial court had no authority to modify the final judgment, and we thus reverse and remand for the trial court to vacate its prior order reinstating the twenty (20) year sentence and to enter a new order reinstating the ten (10) year sentence reflected in Appellant's final judgment.

Appellant, a juvenile transferred to circuit court as a youthful offender, entered guilty pleas to each count of a fifteen (15) count indictment, and the trial court originally sentenced Appellant to a ten (10) year term of imprisonment, but probated the sentence on the condition that Appellant enter and complete "Teen Challenge," a fourteen (14) month Christian Discipleship Program located in Hot Springs, Arkansas and Cape Girardeau, Missouri. Appellant absconded from the program within twenty-four (24) hours, and the trial court subsequently revoked Appellant's probation and reinstated the original ten (10) year prison sentence. Approximately a month later, after Appellant's eighteenth (18th) birthday, the trial court brought Appellant back before it for resentencing under KRS 640.030(2) and recommitted Appellant to the custody of the Kentucky Department of Corrections.

Appellant then filed a Motion for Shock Probation. In response to the motion, the trial court first entered an order expressing the trial court's willingness to consider shock probation:

This matter is before the Court on Defendant's Motion for Shock Probation. The Court has reviewed the Motion as well as the Response of the Commonwealth objecting to the Motion for Shock Probation. The Court is of the opinion

that while the Commonwealth has made some very good points in opposition to the Motion for Shock Probation, the possibility of this individual returning to Teen Challenge should be explored. However, before the Court will grant or deny this Motion, it wishes to hold a hearing on the matter with the Defendant present in the Courtroom. At that hearing, each side will have the opportunity to present arguments and/or testimony supporting its position.

After a hearing at which he considered arguments from counsel and "look[ed] [Appellant] in the eye," the trial court entered an order explaining the terms under which it was willing to grant Appellant the privilege of shock probation:

This matter is before the Court on Defendant's Motion for Shock Probation. The Court previously granted shock [sic] probation but subsequently revoked the probation for an almost immediate violation of one of the major terms of the probation. That, being the requirement that Defendant complete the Teen Challenge program. Defendant is now again petitioning the Court for shock probation and making the same request. The Court has held a hearing and has discussed this matter with the Defendant. While the Court is frankly of the opinion that there has been some change in the Defendant, the Court believes that it must evidence more before it will be willing to grant the Motion for Shock Probation. Rather than to deny the Motion for Shock Probation at this time, the Court will hereby set out the following requirements before it will grant shock probation. They are as follows:

1. The sentence, if agreed to by Defendant, would be amended to make Counts 1, 3, 4, and 15 run consecutive for a total of 20 years in the state penitentiary. That all other Counts in the Indictment to which Defendant has plead would run concurrently.

2. That the final sentence would be 20 years in the state penitentiary.

3. That the Defendant would be probated on the same conditions as set out in the November 16, 1998 Order.

4. That Defendant would then be released from the Marshall County Detention Center on June 15, 1999 to be immediately transported to the Teen Challenge program, with Defendant's parents to transport him.

5. That Defendant would be responsible for any and all additional costs incurred.

6. That Defendant would be agreeing to this change with the understanding that should he have his probation revoked again, that he would be looking at a 20 year sentence as opposed to a 10 year sentence.

7. Should the Defendant be agreeable to these terms, the Court would then grant shock probation. The Court will set this file aside until the June 7, 1999 rule day. Prior to that time, counsel for Defendant shall advise the Court as to the Defendant's intention; and if the Defendant agrees with these terms, the Court will bring him before the Court on June 7, 1999 to resentence him.

On Appellant's motion, the trial court moved the "resentencing" date up a few days, and, on that date, the trial judge paraphrased the terms of his prior order and explained that the parties were before the Court "to find out if he's willing, if he wants to do that, or if he just wants to go ahead and do his ten (10) years." The

trial judge then engaged in a colloquy with Appellant and Appellant's counsel as to whether Appellant understood and agreed to shock probation under the terms offered:

> Court: Mr. Blankenship [Appellant's counsel], is there anything else you want to say, and do you and your client agree with the terms I set out in the order of May 7th of this year?
>
> Counsel: We do, your honor. I have explained to Mr. Stallworth the ramifications and the risks of what he's doing. He understands that he's facing a ten (10) year increase in his sentence should he fail to complete it, and the additional ramifications of parole eligibility, additional time and all that should he fail. He thinks he can successfully complete it, and that's what he wants to do.
>
> Court: Okay. Mr. Stallworth, have you been through your rights with your attorney?
>
> Appellant: Yes, sir.
>
> Court: And, do you understand that, if you go along with this, what I'm going to do is set aside that ten (10) year sentence, and I'm going to amend the sentence on Counts 1, 3, 4, and 15 to run consecutive for a total of twenty (20) years?
>
> Appellant: Yes, sir.
>
> Court: [Lists other terms of shock probation] ... Complete the Teen Challenge Program successfully. You understand that, if you don't, then you're looking at twenty (20) years, less credit for time served? Do you understand that?
>
> Appellant: Yes, sir, I understand.
>
> Court: And, you understand that you don't have to do this?
>
> Appellant: I want to, sir.
>
> Court: And, you're doing this voluntarily, freely, intelligently, and understandingly?
>
> Appellant: Yes, sir.
>
> Court: That it's not a ten (10) year sentence anymore, but it's twenty (20) years.
>
> Appellant: Yes, sir.

After Appellant indicated his willingness to have his sentence term increased to the maximum aggregate sentence of twenty (20) years, the trial judge ordered Appellant's release on shock probation and stated that the docket sheet would reflect that an order granting Appellant's Motion for Shock Probation and modifying the aggregate sentence imposed in the previous final judgment was "to be entered." The Marshall Circuit Court Clerk completed an AOC 385 Release From Custody form on that date, but no order modifying Appellant's judgment or granting Appellant shock probation was entered.

A little over two (2) months later, Appellant again left the Teen Challenge Program. On January 18, 2000, Appellant was brought before the trial court, and a form order was entered on January 21, 2000 revoking Appellant's probation:

> The above-named Defendant was sentenced to a term of imprisonment for 20 years on Nov. 16, 1998 for the offense(s) of 1st degree wanton endangerment; third degree burglary; theft over $300; possession forged instrument and other misdemeanors. Said sentence was probated on various conditions for a period of 5 year(s).
>
> A hearing was held on January 18, 2000 concerning whether the Defendant had violated the conditions of his probation. The Defendant was represented by counsel, Tom Blankenship.
>
> The Court finds that the Defendant's probation should be revoked because he has violated the conditions of his proba-

tion in the following manner: leaving Teen Challenge—failure to complete Teen Challenge.

Therefore it is hereby ORDERED that the Defendant's probation is RE-VOKED, and his sentence of 20 year(s) of imprisonment in a state penal institution is hereby reinstated. . . .

After Appellant filed his Notice of Appeal, the trial court entered another order in which it attempted to clarify the state of the record:

This matter is before the Court pursuant to the Court's review of its Order revoking probation dated January 18, 2000. The purpose of this Order is to clarify the record in this matter. Having reviewed the file, the Court hereby FINDS and ORDERS as follows:

1. The procedure of this case was that Defendant was originally transferred to circuit court as a youthful offender, and was sentenced by this Court to 10 years imprisonment on November 16, 1999. Defendant was probated on the condition that he successfully complete a program known as "Teen Challenge". Shortly after having been probated, Defendant violated the terms of his probation, and on December 7, 1998, an Order revoking the probation was entered by this Court sentencing Defendant to a 10 year prison term. On February 1, 1999, the Court entered an order sentencing Defendant as an adult following the Defendant's reaching age 18.

2. Defendant then filed a Motion for Shock Probation, and on April 7, 1999, the Court entered an order which set out that the Court would grant shock probation if Defendant agreed to having his sentenced [sic] amended to run consecutive for a total of 20 years in the state penitentiary, with a final sentence of 20 years in the penitentiary. The Court entered this order on May 7, 1999, and on or about June 4, 1999, Defendant was resentenced to a 20 year sentence, to be probated on the condition that he complete the Teen Challenge program. However, a subsequent order setting out the terms of the May 7, 1999 Order was not entered.

3. On January 18, 2000, Defendant's probation was revoked, with a 20 year sentenced [sic] reinstated pursuant to May 7, 1999 Order.

4. Therefore, the Court ORDERS that the prior Judgment of the Court dated February 1, 1999 sentencing Defendant to 10 years in a state penal institution was modified on June 4, 1999, which ordered that Counts 1, 3, 4, and 15 run consecutively for a total of 20 years, and the Court did in fact and hereby ORDERS that Defendant is sentenced to a 20 year maximum term in a state penal institution pursuant to the May 7, 1999 Order.

5. IT IS STILL FURTHER OR-DERED that the probation granted by the May 7, 1999 order is REVOKED pursuant to the January 18, 2000 Order, and that Order is incorporated herein.

6. Therefore, IT IS STILL FUR-THER ORDERED that the Defendant is committed to a 20 year sentenced [sic] prison term in a state penal institution, for which the Defendant is currently serving.

In his brief to this Court, Appellant argues, alternatively, that: (1) despite Ap-

pellant's agreement to the amendment in exchange for shock probation, the trial court lacked authority to amend the final judgment and increase Appellant's sentence to twenty (20) years; (2) even if the trial court could validly amend the final judgment, the twenty (20) year sentence cannot be enforced because the trial court failed to make that amendment without undue delay; and (3) the Commonwealth of Kentucky has forfeited its right to incarcerate Appellant for any term of imprisonment under this indictment because an alleged violation of the Interstate Compact on Parole Supervision, KRS 439.560, requires application of the "Forfeiture of Sentence Rule." Although we find Appellant's final argument completely without merit, *see Commonwealth v. Hale*, Ky., 96 S.W.3d 24 (2003) (abandoning "Forfeiture of Sentence" policy), we agree that Appellant is subject to only a ten (10) year term of imprisonment because the trial court had no authority to amend the final judgment by virtue of either Appellant's motion for shock probation or Appellant's agreement. We thus address only the first of Appellant's allegations.

■ We agree with Appellant that the result in this case is controlled by *Galusha v. Commonwealth*, Ky.App., 834 S.W.2d 696 (1992), in which the Court of Appeals held under virtually identical facts that a trial court could not "as a condition of shock probation, enhance the sentence first imposed." *Id.* at 698. The *Galusha* court explained that its holding was dictated by protections in the United States and Kentucky Bills of Rights:

> [W]hen one is tried for an offense, upon a finding of guilt, he is entitled to have his sentence fixed with certainty and finality. Constitutional restraints prevent subsequent enhancement.

> Finally, we find nothing in the shock probation statute to lead one to the ra-

tional belief that a prisoner is privileged to negotiate his release in the vein of Galusha—that is agreeing to an increased sentence. In our view, entitlement to shock probation must rest upon an evaluation of a host of traditional criteria. A longer sentence may not supply the *quid pro quo* for probationary release. A rule which would allow a prisoner to obtain probation in exchange for a longer sentence in the event of revocation would, in our opinion, not only result in chaos, but invite intrusion of arbitrary power, something foreign to our system of government. In the end, we think such a practice would offend the due process clause and the double jeopardy clauses of both the federal and state constitutions.

*Id.* (citations omitted). The Commonwealth argues that *Galusha* is inapplicable here because Appellant's negotiated guilty plea agreement contained no recommendation as to whether the sentences for his multiple felony offenses would run concurrently or consecutively, and thus, the trial court could have imposed a twenty (20) year sentence at Appellant's original final sentencing. We find this attempt to distinguish *Galusha* ineffective, however, because, regardless of whether the trial court *could have* imposed a twenty (20) year sentence at Appellant's final sentencing, its judgment *actually* imposed a ten (10) year sentence. Thus, once the appeal time passed, the judgment became final and the trial court lost the ability to amend it. *Silverburg v. Commonwealth*, Ky., 587 S.W.2d 241 (1979); *McMurray v. Commonwealth*, Ky.App., 682 S.W.2d 794, 795 (1985). Appellant's motion for shock probation granted the trial court limited jurisdiction over the judgment for the purpose of determining whether to suspend further execution of the prison sentence, but did not give the trial court the ability to make

other substantive changes to its final judgment. *Prater v. Commonwealth*, Ky., 82 S.W.3d 898, 906 (2002) ("KRS 439.265 ... grants jurisdiction 'only for the limited purpose of considering shock probation.' For all other matters, if no appeal is taken from the judgment, the trial court loses jurisdiction to alter, amend, or vacate the judgment ten (10) days after its entry."); *Commonwealth v. Gross*, Ky., 936 S.W.2d 85, 87 (1997) ("Nowhere ... does [KRS 439.265] authorize ... any other type of change in the original sentence.").

We likewise disagree with the Commonwealth's contention that Appellant's consent to the amendment implicates precedent permitting a defendant to agree to an unauthorized sentence if that sentence would otherwise operate to his benefit. *See Commonwealth v. Townsend*, Ky., 87 S.W.3d 12 (2002) (waiver of KRS 640.030(2)(b) right to be finally discharged); *Myers v. Commonwealth*, Ky., 42 S.W.3d 594 (2001) (waiver of KRS 532.110(1)(c) maximum aggregate sentence limitation); *Commonwealth v. Griffin*, Ky., 942 S.W.2d 289 (1997) (waiver of former KRS 533.020(4)'s limitation on length of probation). The statutory protections at issue in *Townsend*, *Myers*, and *Griffin* were directly germane to the proceedings ongoing at the time the waivers were accomplished. Here, however, the rights purportedly "waived" by Appellant—i.e., due process and double jeopardy protections embodied in the finality of judgments—were unrelated to the motion for shock probation that brought Appellant before the Court. In other words, the case at bar does not present an issue concerning an "unauthorized sentence," *see Myers v. Commonwealth, supra* at 596–597, and instead presents the identical issue addressed in *Galusha*.

■ Appellant's purported waiver was ineffective because it attempted to waive his rights as to the finality of the length of the sentence—a matter unrelated to the proceedings then before the court and, moreover, a matter that the trial court no longer had no power to alter, amend, or vacate. We therefore hold that, because the trial court had no jurisdiction to amend Appellant's final judgment, Appellant is subject to only the ten (10) year sentence set forth in the final judgment. Accordingly, we reverse and remand for the trial court to vacate its prior order "reinstating" the twenty (20) year sentence as well as any subsequent orders purporting to modify the final judgment and to enter a new order reinstating the ten (10) year sentence reflected in Appellant's final judgment.

LAMBERT, C.J.; COOPER, JOHNSTONE and STUMBO, JJ., concur.

KELLER, J., dissents by separate opinion in which GRAVES, J., joins.

WINTERSHEIMER, J., dissents by separate opinion.

KELLER, Justice, dissenting.

I respectfully dissent from the majority opinion because, in my view, Appellant cannot bring a matter-of-right appeal to the Supreme Court of Kentucky from a circuit court order revoking a term of shock probation—even if, as a result of that order, Appellant commences (or recommences) service of a twenty (20) year prison sentence. Accordingly, I would vacate as improvidently entered our March 13, 2000 order directing the Marshall Circuit Court Clerk to transmit the record to this Court, dismiss the appeal in this Court, and forward both the notice of appeal and the record to the Court of Appeals for a decision on the merits.

The Kentucky Constitution provides that "[a]ppeals from a judgment of the Circuit Court imposing a sentence of death or life

imprisonment or imprisonment for twenty years or more shall be taken directly to the Kentucky Supreme Court. In all other cases, criminal and civil, the Supreme Court shall exercise appellate jurisdiction as provided by its rules."[1] Our rules governing criminal appeals mirror the constitutional language,[2] and provide elsewhere that all other appeals "shall be taken to the next higher court by filing a notice of appeal in the court from which the appeal is taken."[3] Of course, we must avoid tunnel vision as to the "twenty years or more" language because, although an appeal from a *judgment of conviction* imposing a sentence of twenty (20) years or longer must be appealed to this Court,[4] our rules do not authorize such an appeal from all orders *affecting* criminal sentences of "twenty years or more."[5]

While there is no doubt that, as a result of the trial court's revocation of his shock probation, Appellant is now serving a twenty (20) year prison sentence, the January 21, 2000 order from which Appellant takes his appeal is not a "judgment . . . imposing . . . a sentence of twenty years or more." Kentucky's Rules of Criminal Procedure identify the nature of a criminal "judgment,"[6] and the January 21, 2000

order revoking Appellant's term of shock probation does not meet the qualifications. *The* judgment in this case was entered on November 20, 1998, and it sentenced Appellant to a ten (10) year prison term, but *suspended the imposition of that term* by sentencing Appellant to a term of probation.[7] The sentence was later *imposed* when the trial court revoked Appellant's initial probation. Still later, the trial court *suspended execution of that previously-imposed sentence* when it granted Appellant's motion for shock probation.[8] The order from which Appellant appeals is thus simply an order revoking probation, and, although the revocation resulted in a resumption of the sentence, it is not a judgment *"imposing* a . . . sentence of twenty years or more." The appeal from that order should therefore have been filed in the Court of Appeals.

I find it worthy of mention that the primary authority cited by the majority, *Galusha v. Commowealth,*[9] is a Court of Appeals opinion with "virtually identical facts." In fact, a close inspection reveals that, like Appellant in the case at bar, Galusha also appealed from a probation revocation decision "whereby he was sentenced to the 'state penitentiary for a max-

1. KY. CONST. § 110(2)(b).

2. *See* RCr 12.02 ("[A]n appeal from a judgment imposing a sentence of death, life imprisonment, or imprisonment for twenty years or more shall be taken directly to the Supreme Court.").

3. CR 73.01(2). *See also* RCr 12.02 ("Civil Rule[] . . . 73.01(2) . . . shall apply also in criminal actions . . . .").

4. *Shepherd v. Commonwealth,* Ky., 739 S.W.2d 540 (1987).

5. *Williams v. Venters,* Ky., 550 S.W.2d 547, 548 (1977) ("A judgment or order denying a postconviction motion, however, is not a judg-

ment 'imposing a sentence.' Hence an appeal from it is addressable to the Court of Appeals.").

6. *See* RCr 11.04.

7. *See Prater v. Commonwealth,* Ky., 82 S.W.3d 898, 904 (2002) (explaining the difference between suspension of imposition and suspension of execution).

8. *See* KRS 439.265(1) ("[A]ny Circuit Court may . . . *suspend the further execution of the sentence* and place the defendant on probation upon terms the court determines." (emphasis added)).

9. Ky.App., 834 S.W.2d 696 (1992).

imum term of *20* years ....' " [10] The Kentucky Court of Appeals and the Kentucky Supreme Court do not have concurrent jurisdiction of appeals. Accordingly, if the *Galusha* panel had jurisdiction over a direct appeal from an order revoking probation (and leading to a twenty (20) year prison sentence), then this Court cannot have jurisdiction to consider a direct appeal in an identical procedural posture. As I see it, our rules leave only two alternatives: (1) the primary authority upon which the majority opinion's holding rests was rendered by a Court of Appeals panel without jurisdiction to decide *that case;* or (2) today's majority opinion is rendered by a court without jurisdiction to decide *this case.* For the reasons explained above, the second alternative reflects my views regarding appellate jurisdiction in an appeal from an order revoking probation.

GRAVES, J., joins this dissenting opinion.

WINTERSHEIMER, Justice, dissenting.

I respectfully dissent from the majority opinion and disagree with the dissenting opinion filed by Justice Keller because Stallworth entered his guilty plea freely, voluntarily and knowingly, and was properly convicted and sentenced under the terms of the plea agreement. The sentencing agreement was not coercive and was not fundamentally unfair.

This appeal is from a judgment based on a guilty plea in which Stallworth, a juvenile, pled guilty to fifteen Class D felony and misdemeanor offenses. He was ultimately sentenced to twenty years in prison. The questions presented are whether the trial judge lacked authority to amend Stallworth's sentence as a condition of shock probation and whether the trial

judge forfeited his right to enforce the twenty-year sentence.

The charges relate to a four-month crime spree that ended only when, after previously escaping from a detention center, Stallworth attempted to run over two peace officers with a stolen car. He was transferred to circuit court where he pled guilty to and accepted the sentences for the following crimes: first-degree wanton endangerment (5 years); third-degree criminal mischief (90 days); third-degree burglary (5 years); six counts of theft over $300 (5 years each); five counts of theft under $300 (12 months each); and second-degree possession of a forged instrument (5 years). The plea agreement did not indicate whether the sentences were to be run consecutively or concurrently, but the guilty plea order reflected that the penalty range for these crimes was twenty years and a $40,000 fine. The plea agreement does state that the Commonwealth would not oppose shock probation on the condition that Stallworth pay restitution upon release and that he successfully complete "Teen Challenge," a privately run rehabilitation program in Arkansas.

At sentencing, the circuit judge ran the two five-year sentences consecutively and the rest of the sentences concurrently for a total of ten years. The sentence was probated with the condition that Stallworth complete the "Teen Challenge" program. Unfortunately, Stallworth immediately violated his probation when he left the program after one day and his probation was revoked and he was ordered to serve his ten-year sentence. Several months later, he filed a motion for shock probation which the prosecution opposed. The circuit judge entered an order that stated that shock probation would be granted if Stallworth agreed to have his

**10.** *Id.* at 696–7 (emphasis in original).

 

sentence amended to run consecutively for a total of twenty years. He agreed and he was resentenced to twenty years which was probated on the condition that he complete the "Teen Challenge" program. Stallworth again violated his probation by failing to complete the program. Thereafter, his probation was revoked and he was sentenced to twenty years in prison. The essential reason that the majority opinion reverses this case is because it believes that the circuit judge was without jurisdiction.

The legal heart of this case is a conflict between two decisions, one by the Supreme Court, and the other by a panel of the Court of Appeals. Stallworth argues that the trial judge lacked authority to amend the sentence to twenty years instead of ten as a condition of shock probation. He contends that the trial judge never actually changed his sentence to twenty years and was powerless to impose a twenty-year sentence upon revocation. He relies on *Galusha v. Commonwealth*, Ky.App., 834 S.W.2d 696 (1992). The Commonwealth responds that the trial judge properly sentenced Stallworth to twenty years and that he twice agreed to serve this time. It relies on *Myers v. Commonwealth*, Ky., 42 S.W.3d 594 (2001). I am persuaded that *Myers, supra*, stands for the proposition that a defendant may validly agree to an inappropriate sentence if that sentence would otherwise operate to his benefit. Surely, probation is preferable to incarceration for any term of years and thus a benefit to a defendant.

The result here could well be a triumph of clever strategy over fundamental substance. Stallworth agreed to and accepted a twenty-year sentence which this Court has now reduced to ten years. The trial judge did not forfeit his right to enforce the twenty-year sentence as part of the plea agreement. To the extent necessary,

I would overrule *Galusha, supra,* so as to bring it into conformity with *Myers*.

I would affirm the conviction in all respects.