**COMMONWEALTH of Kentucky, Appellant**

v.

**Amanda R. GADDIE, Appellee.**

**No. 2006–SC–000575–DG.**

Supreme Court of Kentucky.

Nov. 21, 2007.

Jennifer B. Pitts, Assistant Hardin County Attorney, Elizabethtown, KY, Counsel for Appellant.

Shane Alan Young, Lewis & Preston, Elizabethtown, KY, Counsel for Appellee.

Opinion of the Court by Justice MINTON.

This case presents the question of whether, more than ten days after imposition of sentence, the district court may, with the defendant's consent, increase the defendant's underlying term of imprisonment in conjunction with a referral to drug court. The question arises in the context of a petition for a writ of habeas corpus filed by Amanda Ray Gaddie. The circuit court denied the petition. On appeal, the Court of Appeals reversed the circuit court, concluding that a referral to drug court is not a reason of extraordinary nature justifying relief of the type envisioned under Kentucky Rules of Civil Procedure (CR) 60.02(f). The Court of Appeals remanded the matter to the circuit court for entry of an order granting Gaddie's petition for a writ of habeas corpus and issu-

ance of a writ of habeas corpus directing Louis Lawson, Jailer, Hardin County Detention Center, to release Gaddie immediately from her current unlawful detention. We agree with the Court of Appeals that (1) under CR 59.05, the district court was without power to amend the final judgment over eight months after its entry to increase Gaddie's term of imprisonment from 180 days to twelve months, and (2) referral to drug court was not a reason of extraordinary nature under CR 60.02(f) that would allow the district court to amend the final judgment. So we affirm.

## I. *ORIGINAL GUILTY PLEA AND PROCEDURAL HISTORY.*

Gaddie entered a guilty plea in the district court to the charges of prescription drugs not in original container and possession of marijuana, for which she received a term of imprisonment of 180 days in jail, probated for two years. One of the conditions of her probation was submission to drug screens to ensure that she did not use illicit drugs. Two months after she entered her guilty plea, she had a positive drug screen for marijuana.

Based on the positive drug screen, the Commonwealth moved the district court to revoke Gaddie's probation. In lieu of revocation, Gaddie agreed to an increase in her term of imprisonment from 180 days in jail to twelve months in jail, probated for two years on condition of successful completion of drug court. The district court issued an amended judgment reflecting the agreement. After Gaddie failed to appear for drug court on the day following the agreement, the district court issued a bench warrant for her arrest. Law enforcement officers did not arrest Gaddie on the outstanding bench warrant until over one year after it was issued. In the inter-

im, the district court issued an order terminating Gaddie from the drug court program and requiring her to serve the twelve-month term of imprisonment upon her arrest.

After serving six months in the county detention center, Gaddie filed a petition for writ of habeas corpus under Kentucky Revised Statutes (KRS) 419.020 in the circuit court. The circuit court concluded that being allowed to participate in the drug court program was an extraordinary circumstance justifying relief under CR 60.02(f), especially when Gaddie requested and agreed to the relief. And the circuit court reasoned that although constitutional rights were at issue, such rights could be waived, as Gaddie had done when she agreed to an amendment of the original judgment to provide for a longer jail term if she did not complete the drug court program.

## II. *RESOLUTION OF THE ISSUE.*

█ The facts in this case are not in dispute. We review de novo the circuit court's legal conclusions in denying Gaddie's petition for writ of habeas corpus.

█ Under KRS 419.020, "[t]he writ of habeas corpus shall be issued upon petition on behalf of anyone showing by affidavit probable cause that he is being detained without lawful authority or is being imprisoned when by law he is entitled to bail." The right to a writ of habeas corpus is a fundamental right guaranteed by Section 16 of our Kentucky Constitution.[1]

█ Here, Gaddie made the requisite showing that she was being detained without lawful authority because the district court's attempt to amend its judgment was beyond its power.[2] The attempt was be-

---

1. *Commonwealth v. Marcum,* 873 S.W.2d 207, 210 (Ky.1994).

2. *Id.* at 211 (held that trial court's attempt to amend final judgment over one month after

yond its power because a trial court loses jurisdiction to amend a judgment in a criminal case ten days after its entry.[3] And the district court entered its amended judgment in this case eight months—from September 12, 2003, to May 17, 2004—after entry of the original judgment. The amended judgment was void.[4]

■ We must uphold the traditional principles stated in the preceding paragraph even when the challenge comes from a referral to the nontraditional, yet valuable, drug court program. "[W]hen one is tried for an offense, upon a finding of guilt, he is entitled to have his sentence fixed with certainty and finality. Constitutional restraints prevent subsequent enhancement."[5]

■ In deciding the issue of the amended judgment in Gaddie's petition for a writ of habeas corpus, the circuit court relied on CR 60.02(f) in upholding the district court's increase in the term of imprisonment, even though the district court did not rely on that provision in amending the final judgment. Preservation notwithstanding, on this point, we agree with the Court of Appeals that par-

ticipation in the drug court program is not a reason of extraordinary nature justifying relief under CR 60.02(f). Returning to the principle of finality of judgments, our predecessor court has cautioned that the extraordinary nature clause "must be invoked only with extreme caution, and only under most unusual circumstances."[6] Considering the very prevalent social problem that the drug court program was implemented to address—nonviolent, repeat drug-related offenses—it cannot be contended that referral to the program is a reason of extraordinary nature.

The Commonwealth does not view the issue as the district court's attempt to amend the final judgment. Instead, the Commonwealth contends that the issue is whether the district court had the authority to grant Gaddie's request to amend her sentence in the form of amended terms and conditions of probation. And the Commonwealth argues that under KRS 533.020(1) and KRS 533.050(2), it did. We reject this contention, however, because a term of imprisonment shall be fixed;[7] and a term of imprisonment is not a term or condition of a sentence of probation sub-

---

entry of judgment was a nullity because trial court lost jurisdiction over the case after ten days under CR 59.05).

**3.** CR 59.05; *Commonwealth v. Gross*, 936 S.W.2d 85, 87 (Ky.1996) (judgment could not be amended nearly two years later to probate the sentence); *Marcum*, 873 S.W.2d at 211 (judgment could not be amended almost two months later to increase the sentence from five years to ten years); *Silverburg v. Commonwealth*, 587 S.W.2d 241, 244 (Ky.1979) (judgment could not be amended 38 days later to reduce the sentence from one year to ten months); *Hord v. Commonwealth*, 450 S.W.2d 530, 532 (Ky.1970) (based on double jeopardy and due process restraints, judgment could not be amended in probation revocation proceedings to impose a greater punishment in order revoking probation than was fixed in the original judgment of conviction);

*Howard v. Ingram*, 452 S.W.2d 410, 411 (Ky. 1970) (following *Hord* and holding that circuit court had no authority to sentence Ingram to confinement for two years in face of his previous sentence for only one).

**4.** *Silverburg*, 587 S.W.2d at 244.

**5.** *Galusha v. Commonwealth*, 834 S.W.2d 696, 698 (Ky.App.1992) (relying in part on *Hord*, 450 S.W.2d at 531, and concluding that circuit court lacked power in releasing Galusha on shock probation to increase term of imprisonment in original sentence from eight years to twenty years).

**6.** *Cawood v. Cawood*, 329 S.W.2d 569, 571 (Ky.1959).

**7.** KRS 532.030.

ject to modification.[8]

We now turn to the fact that Gaddie requested referral to the drug court program, which, the Commonwealth argues, necessarily required an increase in the term of imprisonment from 180 days to twelve months because 180 days is simply not enough punishment to act as an incentive for the completion of the drug court program. As discussed above, however, at the point when Gaddie agreed to referral to the drug court program, the district court no longer had the power to amend her final judgment to increase the term of imprisonment. Gaddie could not, by consent, give the court the power to revisit the original sentence.[9]

In holding that the Court of Appeals properly reversed the circuit court and remanded the matter for the issuance of a writ of habeas corpus, we have relied, in part, on two cases, as did the Court of Appeals, that address finality of the term of imprisonment in the context of shock probation: *Galusha v. Commonwealth* and *Stallworth v. Commonwealth*. The Commonwealth argues that these cases are distinguishable for four reasons: (1) shock probation is a unique statutory creation governed entirely by KRS 439.265; (2) in this case, Gaddie did not seek to amend the court's final judgment as a means to be released from jail, as is the case in a shock probation situation; (3) the district court had the authority under KRS 533.020 to modify the terms of Gaddie's probation (which argument we rejected above); and (4) the administrative procedures governing Kentucky drug courts state that a referral to drug court may be made during probation, including a referral in lieu of

revocation. But the *Galusha* and *Stallworth* decisions rest on the finality of judgments and the constitutional restraints of due process and double jeopardy, as does our decision in this case. And we conclude that the Commonwealth's attempt to distinguish this case misses the mark.

We affirm the judgment of the Court of Appeals.

LAMBERT, C.J.; ABRAMSON, CUNNINGHAM, SCHRODER, and SCOTT, JJ., concur.

NOBLE, J., not sitting.

---

**8.** *Commonwealth v. Tiryung,* 709 S.W.2d 454, 455 (Ky.1986) (*quoting with approval McCulley v. State,* 486 S.W.2d 419, 423 (Mo.1972)).

**9.** *Stallworth v. Commonwealth,* 102 S.W.3d 918, 924 (Ky.2003) (relying on *Galusha,* 834

S.W.2d 696, and holding that trial court had no power to amend the final judgment to increase term of imprisonment from ten years to twenty years in order that Stallworth may receive shock probation).