**CITY OF COVINGTON, Appellant,**

v.

**SANITATION DISTRICT NO. I OF CAMPBELL AND KENTON COUNTIES, etc., Appellees.**

Court of Appeals of Kentucky.

Oct. 16, 1970.

Donald C. Wintersheimer, City Sol., Rodney S. Bryson, Asst. City Sol., Covington, for appellant.

Stanley Chrisman, Daniel J. Goodenough, Covington, for appellees.

REED, Judge.

This appeal is from the action of the circuit court by which it refused to enforce its prior judgment upon application by one party to a judgment for the issuance of a rule to show cause why another party to the judgment should not be held in contempt. We have concluded that the record presents a narrower issue than that contemplated by the parties and the trial court. We find that the judgment sought to be enforced is clear and direct in its language, and imposes responsibility on the party sought to be subjected to an adjudication of contempt for failure to obey the mandate of the judgment. We believe that the circuit court erred when it attempted to construe the judgment, rather than to regard the adjudication made as final and then proceed to determine whether contempt had been committed and whether coercive relief, if any, should be afforded to enforce the plain mandate of the judgment. Therefore, we reverse the disposition made in the trial court.

The appellant, City of Covington, owned and maintained sewers, which carried both surface water drainage and sewage, prior to creation of appellee, Sanitation District No. 1 of Campbell and Kenton Counties, pursuant to the authority of KRS 220.010 to 220.520. In 1960, both the city and the district were adverse parties in an action in circuit court wherein the judgment that is the real basis of this dispute was entered. The judgment provided in the part of it pertinent to this controversy: that the right, title, and interest of the city in and to the sewers must be transferred to the district; that these sewers "be hereafter *rebuilt, repaired* and maintained at its (the district's) exclusive cost and expense and *in proper* and *serviceable condition* and *of sufficient capacity* by defendant, Sanitation District No. 1 of Campbell and Kenton Counties and its successors, for *the ready, efficient* and *effective* transportation of the sewage, *water,* and wastes of plaintiff, City of Covington, * * * *through said sewers* in perpetuity, or for so long as may be required by the necessities of either of said cities (including the City of Covington) and their respective inhabitants for sewer service." (Parenthetical expressions and emphasis supplied).

It appears that surface water drainage has caused such a problem since the 1960 judgment that it has long been apparent to all concerned that the sewers are manifestly inadequate to carry off the water and the sewage. The city asserts that the re-

sponsibility to remedy the situation rests upon the district by virtue of the judgment. The district insists that it is in the sanitation business and can only carry sewage and waste; it also argues that water is the city's business and that the city should construct lateral and relief sewers for the water drainage.

In 1963 the city moved the circuit court to issue a rule against the district directing it to show cause why it should not be held in contempt for failure to comply with the judgment. The district moved to set aside the judgment under CR 60.02, but also filed a written response to the motion for a rule for contempt in which it was asserted that the judgment only imposed upon the district the duty to maintain the sewers in the same condition they were in when the district took title to them. Extensive hearings were held, and late in 1964 the trial judge denied the city's motion for a rule directed to the district. The city appealed to this court and since that time the parties have sparred about procedural questions and delayed filing briefs until the middle of 1969.

■ The circuit court did not purport to grant relief from the judgment under CR 60.02. It was the trial judge's conclusion that "the sewers pre-empted are taken as is, where is, and that relief sewers are a matter that fall within the obligation of the city, as if no sewer had ever been pre-empted." We can conceive of no plainer language to fasten responsibility upon the district than that recited in the judgment and which we have quoted. The district apparently recognized that because it attempted to secure relief from the judgment under CR 60.02. The difficulty with that attempt was that no ground for relief under CR 60.02 was alleged except that the judgment was based on an error of law. This, of course, was not sufficient to permit a reopening of the judgment. James v.

Hillerich & Bradsby Co., Ky., 299 S.W.2d 92.

■ The district makes a persuasive argument that KRS 220.030 confines a sanitation district created thereunder to furnishing facilities to dispose of sewage and waste and not water. We are also cognizant that separate facilities are preferable. The 1960 judgment, however, provided otherwise, and we need not construe this statute in the case before us. If the district's construction of the statute is correct, the 1960 judgment was erroneous. A final judgment, even one based on an error of law, is still effective; it will also support proceedings taken for its enforcement. See 49 C.J.S. Judgments § 449, pp. 880, 881.

The district's argument that a final judgment that has the effect of misconstruing a statute is void and does not bind the parties to it is without merit. The argument confuses the concept of what are the consequences of a void final judgment with the concept of when a final judgment though erroneous binds the parties to it. The final judgment with which we are concerned was without jurisdictional or constitutional defects; however erroneous it may have been, it bound the parties in the proceedings in which it was entered.

Whether the district is in contempt should be determined by the trial judge in the light of the facts adduced at a hearing on a rule to show cause which shall be issued directed to the district. If it is found that the district is in contempt, the possible remedy of coercive relief, its applicability and its extent, shall also be determined by the trial judge.

The order appealed from is reversed with directions for further proceedings consistent with this opinion.

All concur.