**COMMONWEALTH of Kentucky, Appellant,**

v.

**Clark J. GROSS, II, Appellee.**

**No. 95–SC–773–DG.**

Supreme Court of Kentucky.

Oct. 24, 1996.

Rehearing Denied Jan. 30, 1997.

Anita M. Britton, Stoll, Keenon & Park, Lexington, KY, William E. Johnson, Johnson, Judy, True & Guarnieri, L.L.P., Frankfort, KY, for appellee.

A.B. Chandler, III, Attorney General, David A. Smith, Criminal Appellate Division, Frankfort, KY, Raymond Larson, Tamra Gormley, Lexington, KY, for appellant.

Kentucky State Lodge of Fraternal Order of Police, Stephen D. Wolnitzek, Covington, KY, Kentucky Chiefs of Police Association, Michael A. Stidham, Commonwealth's Attorney, Jackson, KY, Kentucky

County Attorneys Association, Clay M. Bishop, Jr., Manchester, KY, Kentucky Commonwealth's Attorney Association, Steve A. Wilson, Commonwealth Attorney, Bowling Green, KY, Center for Women and Families, Joni L. Grayson, Jeffersonville, IN, Center for Women and Families, Citizens & Victims for Justice Reform, Concerned Christians in Kentucky, Inc., Creative Employment Program, Cumberland River Comprehensive Care Center, Cumberland River Rape Victim Services, Domestic Violence Prevention Board, Domestic Violence Program, Jamestown Clinic, Kentuckians' Voice for Crime Victims, Kentucky Commission on Women, Kentucky Domestic Violence Association, Kentucky Victims Coalition, Inc., Kentucky Women Advocates, Lexington Rape Crisis Center, Marion County Chapter, Bluegrass Chapter, Henderson County Chapter, Pathways, Inc., Rape Relief Center, Inc., Seven Counties Services, Inc., Spouse Abuse Shelter, Inc., YWCA Spouse Abuse Center, Kathleen S. Bean, Professor of Law, University of Louisville, School of Law, Louisville, KY, for Amicus Curiae.

BAKER, Justice.

The issue in this post-conviction controversy concerns whether a circuit court has jurisdiction to enter a probated sentence subsequent to the final affirmance of a conviction on appeal.

In February of 1992, Clark Gross was convicted in the Fayette Circuit Court of First Degree Rape of his former fiance as well as Second Degree Burglary in gaining entry to her apartment. The jury recommended concurrent sentences totaling 13 years. Subsequently, the Fayette Circuit Court entered final judgment sentencing Gross to imprisonment by order entered on March 9, 1992. That judgment stated in pertinent part the trial court's "opinion that imprisonment is necessary for the protection of the public because the defendant is in need of correctional treatment that can be provided most effectively by the defendant's commitment to a correctional institution and due to the provisions of KRS 533.060...."

Pending appeal, Gross was "remanded to custody" but permitted to post an appeal bond.

In addition to commencing his appeal to the Court of Appeals and posting the appeal bond, Gross also moved the circuit court pursuant to KRS 532.070 to modify his sentence to the minimum term of ten years. Although rejecting the Commonwealth's objection grounded upon lack of jurisdiction, the trial court denied the requested modification on the merits by order entered on April 22, 1992, expressly declining to invade the province of the jury.

After the Court of Appeals affirmed and this Court denied discretionary review on December 15, 1993, Gross, without recitation to procedural authorization, again sought modification of his 13–year sentence imposed nearly two years earlier and requested probation or conditional discharge. On January 26, 1994, the trial court amended the sentence to reflect that Gross shall be placed on probation for a period of five years on condition that he serve six months in jail and meet other conditions relating to community service and work release. The opinion and order began by rejecting the Commonwealth's jurisdictional objection, reasoning that the trial court retained "continuing jurisdiction, until the time has run to preclude shock probation, pursuant to the sentencing statute." Also referring to "a corrected Pre-Sentence Report," the trial court noted the mistaken belief that at the time of sentencing Gross was not eligible for probation. Further, the trial judge believed he had erred in failing to "consider the possibility of probation, probation with an alternative sentencing plan or conditional discharge."

The Commonwealth promptly filed a notice of appeal from the order of probation and the Court of Appeals, in a split decision, affirmed. Although noting that the trial court was without jurisdiction to modify the sentence under CR 59.05, the Court of Appeals found procedural authority for the renewed sentencing in CR 60.02, the original sentencing being performed under a mistake of law as to the availability of probation.

■ Relying on CR 59.05, the Commonwealth first argues that the trial court lost jurisdiction to alter, amend or vacate the judgment after the expiration of ten days of its entry. *Silverburg v. Commonwealth*, Ky., 587 S.W.2d 241 (1979); *McMurray v. Commonwealth*, Ky.App., 682 S.W.2d 794 (1985). In *Silverburg*, this Court addressed whether the trial court could modify a one-year felony sentence to a sentence of ten months in the county jail, 38 days after the judgment of conviction had been entered. In holding the renewed sentence to be improper, the Court stated,

> The judgment and sentence on the perjury conviction was entered by the trial judge on May 14, 1976.... [T]he trial judge on June 21, 1976, entered an order modifying the perjury sentence.... Where the Criminal Rules do not provide a time, the Civil Rules shall apply. RCr 1.10. CR 59.05 provides that a judgment may be altered, amended or vacated within ten days after the entry of the final judgment. The order of June 21, 1976, was entered 38 days subsequent to the May 14, 1976, judgment. The court had lost jurisdiction of the case and the entry of the order modifying the sentence is void.

*Id.*, at 244.

Similarly, the Kentucky Court of Appeals reiterated this point in *McMurray* wherein the Court of Appeals held void a renewed final sentencing judgment wherein the trial court increased the sentence after discovering a prior criminal record of defendant not previously disclosed. Notwithstanding this oversight, the Court of Appeals afforded the trial court no discretion on this issue and held that CR 59.05 barred the amended sentence.

In response, Gross argues that CR 59.05 is inapplicable in light of the enactment of KRS 439.265. Gross views this statute as giving the trial court continuing jurisdiction until the time for applying for shock probation has expired. Gross submits that, given the existing circumstances, if we were to take the position of the Commonwealth, it would render the shock probation statute a nullity.

KRS 439.265(1) reads,

> Subject to the provisions of KRS Chapter 439 and Chapters 500 to 534, any Circuit Court may, upon motion of the defendant made not earlier than thirty (30) days nor later than one hundred eighty (180) days after the defendant has been incarcerated in a county jail following his conviction and sentencing pending delivery to the institution to which he has been sentenced, or delivered to the keeper of the institution to which he has been sentenced, suspend the further execution of the sentence and place the defendant on probation upon terms the court determines. Time spent on any form of release following conviction shall not count toward time required under this section.

Jurisdictionally, this statute permits a person to move for shock probation not earlier than 30 days and no more than 180 days after incarceration upon conviction.

We do not view the limited jurisdiction authorized a trial court in KRS 439.265 to be as expansive as argued by Gross and adopted by the court below. It first should be noted that at no time has Gross sought relief under the shock probation statute nor could he have at that time under the language of KRS 439.256(1) which prevents the running of the 30–day period until after incarceration "following his conviction and sentencing...." Despite this fact, the trial court maintained that the effect of this statute worked to grant the trial court "continuing jurisdiction" to modify sentences until the 180–day period had run. Such an interpretation goes against the clear wording of the statute. This statute only establishes a trial court's jurisdiction after the passage of 30 days imprisonment upon conviction and motion of the defendant. This jurisdiction is granted for the limited purpose of considering shock probation. Nowhere in the statute does it authorize "continuing jurisdiction" or any other type of change in the original sentence. All other types of amendments or modifications are subject to the limitations of CR 59.05 and CR 60.02. In this respect, *Silverburg* and *McMurray* are applicable, and the trial court acted beyond its jurisdictional authority in granting probation under the auspices of KRS 439.265, in that the ten-day time limit of CR 59.05 had expired.

Additionally, Gross seeks to justify the trial court's amended judgment under *Potter v. Eli Lilly and Co.*, Ky., 926 S.W.2d 449 (1996). In *Potter,* the jury returned a verdict in favor of defendant Eli Lilly. As a result, the trial court entered a judgment of "dismissal with prejudice." Beyond the expiration of ten days, the trial court became aware of facts indicating the matter may have been settled by the parties prior to the case being submitted to the jury. The trial court, sua sponte, ordered a hearing to determine if such a settlement did occur. If so, the trial court noted it would amend the judgment to reflect the case was "dismissed with prejudice as settled." The parties sought a writ of prohibition to prevent said hearing on the basis the trial court had lost jurisdiction to amend its judgment after the passage of ten days pursuant to CR 59.05. In an unanimous opinion, this Court denied the writ, thereby permitting the hearing to be conducted and the amendment to the judgment if warranted.

Gross submits that *Potter* vests a trial court with the inherent right to conform its judgments to the truth, conditioned only upon the need for reasonable belief that there exists an inaccuracy in the judgment. Gross reads *Potter* much too broadly.

*Potter* does not do away with the rules of finality, nor does it nullify the ten-day rule of CR 59.05 or expand CR 60.02. *Potter* recognizes a very narrow exception to the rules of finality. It applies only in the extraordinary circumstances where a fraud has been perpetrated upon the court. "It encompasses bad faith conduct, abuse of judicial process, any deception of the court and lack of candor to the court." *Id.,* at 454. Gross acknowledges that the circumstances in this case do not reach to the level existing in *Potter.* In this regard, *Potter* is distinguishable.

 The trial court also stated as a ground for entering the amended sentence that it had not considered a suspended sentence as required under KRS 533.010. The trial court believed that this omission was fatal and required a renewed sentencing. We disagree. A mere error of law does not reinstate jurisdiction which has been lost.

Before final resolution of this case can be had, a determination of the applicability of CR 60.02(a) must be made. The pertinent provisions of this rule provide, "On motion a court may, upon such terms as are just, relieve a party or his legal representative from its final judgment ... upon the following grounds: (a) mistake, inadvertence, surprise or excusable neglect...." At the outset, we see four glaring obstacles to justifying the trial court's order by way of CR 60.02(a). First, neither the defendant nor the trial court relied on nor made mention of 60.02 as a basis for modification of sentence. A majority of the Court of Appeals introduced 60.02 into the analysis in discussing the effects of an incorrect pre-sentence investigation report upon final sentencing.

Second, the motion to modify was not made within one year of the original sentencing as required by CR 60.02. CR 60.02 provides, "The motion shall be made within a reasonable time, and on grounds (a), (b), and (c) not more than one year after the judgment, order, or proceeding was entered or taken." The subsection on which the Court of Appeals appeared to couch its opinion was (a) which falls under the one-year limitation. This time limit was indisputably not met, the motion being filed nearly two years after the original judgment.

The third obstacle is one of preservation. It is questionable whether the issue of mistake in the pre-sentence investigation report can be properly brought to this Court pursuant to CR 60.02. As stated in previous opinions of this Court, the purpose of CR 60.02 is to allow the trial court a method to correct errors in judgments upon a showing of "facts or grounds, not appearing on the face of the record and not available by appeal or otherwise, which were discovered after rendition of judgment without fault of the party seeking relief." *Harris v. Commonwealth,* Ky., 296 S.W.2d 700, 701 (1956); *see also Gross v. Commonwealth,* Ky., 648 S.W.2d 853, 856 (1983). The trial court order modifying this sentence indicated that in its original sentencing hearing the required pre-sentence investigation report opined that Gross was not eligible for probation as a result of his

convictions. This opinion was not challenged at that sentencing hearing nor was it challenged on direct appeal in his first appeal to the Court of Appeals. It is only after the passage of two years that Gross advanced the argument to which the trial court agreed that his convictions were in fact eligible for probation. Whether Gross was eligible for probation or not is immaterial in this adjudication in that the issue did appear on the face of the record and was not challenged by Gross at the sentencing hearing. Therefore, the issue appears to be barred from any collateral attack whether by CR 60.02 or otherwise.

Even had the issue been properly presented before this Court, we find no merit in Gross' contention that a mistake in law is correctable after the passage of the ten-day limitation contained in CR 59.05. In *City of Covington v. Sanitation District No. 1, Etc.,* Ky., 459 S.W.2d 85, 87 (1970), we stated that an error of law "was not sufficient to permit the reopening of the judgment." We embrace the principles enunciated in *City of Covington* and find them applicable to a criminal judgment.

The judgment of the Court of Appeals is reversed and the matter is remanded to the Fayette Circuit Court for entry of order reinstating the original judgment and for the entry of other necessary orders consistent with this opinion.

All concur.

KING, J., not sitting.