William VIRGIL, Appellant

v.

COMMONWEALTH of Kentucky, Appellee.

No. 2011–CA–001673–MR.

Court of Appeals of Kentucky.

May 17, 2013.

Rehearing Denied July 2, 2013.

Linda A. Smith, Frankfort, KY, for Appellant.

Jack Conway, Attorney General of Kentucky, Courtney J. Hightower, Assistant Attorney General, Frankfort, KY, for Appellee.

Before ACREE, chief Judge; DIXON and VANMETER, Judges.

## OPINION

VANMETER, Judge:

William Virgil appeals from the Campbell Circuit Court's August 12, 2011, order granting the Commonwealth's motion to reconsider the court's May 20, 2011, order which granted Virgil's motion for DNA testing of certain items of evidence from his criminal trial. In light of a recent amendment to the DNA testing statute, we reverse the August 12, 2011, order and remand with instructions for the trial court to enter an appropriate order.

In September 1988, Virgil was convicted of murder and sentenced to seventy years' imprisonment. In August 2010, he filed a motion for release of evidence from his trial for DNA testing. To support the motion, Virgil cited to *Potter v. Eli Lilly & Co.*, 926 S.W.2d 449, 453 (Ky.1996) (*abrogated on other grounds by Hoskins v. Maricle*, 150 S.W.3d 1 (Ky.2004)), for the proposition that a "trial court has a duty and a right to determine that its judgments are correct and accurately reflect the truth." The trial court granted Virgil's motion, and in doing so stated:

> One of the fundamental responsibilities of any tribunal is to insure its judgment is accurate and reflects the true facts of the case. In the twenty-three years since the Virgil evidence was subjected to DNA testing, laboratory analysis has advanced dramatically. Samples of blood, semen, hair, etc. that previously could not have been tested at all may now be. Even those samples that were subject to testing in the past may now be analyzed to a much greater degree of accuracy. It is for these reasons, and

the circumstantial nature of the Commonwealth's proof at trial, that testing will be permitted.

Thereafter, the Commonwealth filed a motion for reconsideration. As the basis for its motion, the Commonwealth cited to *Commonwealth v. Gross*, 936 S.W.2d 85 (Ky.1996), in which the court stated that *Potter* recognizes a narrow exception to the rules of finality "in the extraordinary circumstances where a fraud has been perpetrated upon the court[ ]" such as instances of "bad faith conduct, abuse of judicial process, any deception of the court and lack of candor to the court." *Id.* at 88 (citing *Potter*, 926 S.W.2d at 454). Upon reviewing additional case law on the matter, the trial court noted that no Kentucky cases have extended *Potter* beyond situations involving fraud or inaccuracies which already exist in the record. The trial court then reversed course and granted the Commonwealth's motion to reconsider, thereby denying Virgil's motion to release and test the DNA evidence. This appeal followed.

On appeal, Virgil argues the trial court erred by granting the Commonwealth's motion to reconsider its order granting post-trial DNA analysis. We agree, albeit on grounds different from those argued by the parties.

We acknowledge the role both *Potter* and *Gross* play in elucidating the discretionary authority retained by the trial court to amend a judgment beyond the date of finality expressed under CR 59.05, however, we find the case controlled by the recently amended KRS [1] 422.285.[2] At the time Virgil filed his motion, KRS

---

1. Kentucky Revised Statutes.

2. The statute was enacted in 2002 as part of a wave of similar statutes in other states following the use of DNA evidence to exonerate wrongfully convicted inmates. *See generally*

Heidi C. Schmitt, *Post–Conviction Remedies Involving the Use of DNA Evidence to Exonerate Wrongfully Convicted Prisoners: Various Approaches Under Federal and State Law*, 70 UMKC L.Rev. 1001 (2002).

422.285 only provided a right to post-trial DNA testing for persons convicted of a capital offense and sentenced to death in the Commonwealth. Since Virgil was not sentenced to death, KRS 422.285 did not provide him with a means to seek DNA analysis of evidence from his trial. However, KRS 422.285 was recently amended [3] to now provide any person convicted of a "capital offense, a Class A felony, a Class B felony, or any offense designated a violent offense under KRS 439.3401" the right to seek post-trial DNA testing and analysis of any evidence in possession or control of the Commonwealth involved in the investigation or prosecution that resulted in the conviction. The right is conditioned upon the trial court's finding that:

(a) A reasonable probability exists that the petitioner would not have been prosecuted or convicted if exculpatory results had been obtained through DNA testing and analysis;

(b) The evidence is still in existence and is in a condition that allows DNA testing and analysis to be conducted;

(c) The evidence was not previously subjected to DNA testing and analysis or was not subjected to the testing and analysis that is now requested and may resolve an issue not previously resolved by the previous testing and analysis;

(d) Except for a petitioner sentenced to death, the petitioner was convicted of the offense after a trial or after entering an Alford plea;

(e) Except for a petitioner sentenced to death, the testing is not sought for touch DNA, meaning casual or limited contact DNA; and

(f) The petitioner is still incarcerated or on probation, parole, or other form of correctional supervision, monitoring, or registration for the offense to which the DNA relates.

KRS 422.285(5) (as amended by 2013 Ky. Acts ch. 77).

■ We are compelled to note that the pre-amended version of KRS 422.285 was held to infringe on the rule-making power of the courts, and thus in violation of the constitutional principle of separation of powers. *See Taylor v. Commonwealth,* 175 S.W.3d 68, 77 (Ky.2005). In spite of this, the court in *Taylor* upheld the statute by way of comity.[4] *Id.* The court recognized that the operation of KRS 422.285 does not "unreasonably interfere with the 'orderly functioning of the courts.'" *Id.* (quoting *Commonwealth v. Reneer,* 734 S.W.2d 794, at 797 (Ky.1987)). The court further stressed that the Commonwealth has a public policy interest in ensuring our courts do not follow through with putting an innocent to death. *Id.* The recently enacted amendment to KRS 422.285 does nothing to change the reasoning applied by the court in *Taylor.* In fact, the amendment broadens the scope of KRS 422.285 to afford noncapital felons the right to DNA testing under the appropriate circumstances. Now, the statute extends the Commonwealth's public policy interests to insure our court's judgments are correct and innocent defendants do not remain in prison.

■ Since the amended statute reflects a strong public policy of the Commonwealth, we find that Virgil's motion to release the evidence for DNA testing should be considered under the recently amended KRS 422.285. We acknowledge that the effective date of an amendment is

---

**3.** 2013 Ky. Acts ch. 77.

**4.** Comity permits the courts to adopt a rule unconstitutionally enacted by the legislature out of deference and respect. *Id.* (citation omitted).

ninety days following the adjournment of the legislative session which, in this case, was on March 26, 2013. *See* Ky. Const. § 55. Therefore, the effective date of the amendment is June 25, 2013. However, the general rule is that "where the amendment represents a procedural or remedial change only ... 'legislation has been applied to causes of action which arose before its effective date[.]'" *Schmidt v. S. Cent. Bell,* 340 S.W.3d 591, 595 (Ky.App. 2011) (quoting *Spurlin v. Adkins,* 940 S.W.2d 900, 901 (Ky.1997)). Legislation is remedial if it seeks to reform or extend existing rights aimed at the "promotion of justice and the advancement of the public welfare and of important and beneficial public objects." *Kentucky Ins. Guar. Ass'n v. Jeffers ex rel. Jeffers,* 13 S.W.3d 606, 610 (Ky.2000) (quoting 73 Am.Jur.2d *Statutes* § 11 (1974)). In fact, the term remedial applies to statutes which give a party a remedy where he previously had none. *Id.* Because the statute reflects a public policy vested in extending the right to seek post-trial DNA testing to noncapital felons and is enforceable by way of comity, no good reason exists for not applying the statute on remand to the trial court. Therefore, we find the trial court's decision to deny the release of the evidence for DNA analysis on the belief it lacked the authority to do so to be in error, and thus reverse the August 12, 2011, order. We remand this matter to the trial court with directions to apply the amended statute, KRS 422.285 to Virgil's motion, and enter an appropriate order.

The Campbell Circuit Court's August 12, 2011, order is reversed and this case is remanded for further proceedings consistent with this opinion.

ALL CONCUR.