

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-19-00385-CV

_____

CAROL TILLMAN, APPELLANT

V.

LAKE POINTE OWNERS GROUP, INC., APPELLEE

On Appeal from the County Court at Law Number One
Comal County, Texas
Trial Court No. 2019CVA0179; Honorable Randy C. Gray, Presiding

October 22, 2020

MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

This appeal involves the jurisdictional authority of a county court at law to determine the issue of "right of occupancy" to certain real property, in a *de novo* appeal of an eviction proceeding initiated in justice court, together with the propriety of an award of attorney's fees in that proceeding. Appellant, Carol Tillman, contends the trial court erred when it awarded Appellee, Lake Pointe Owners Group, Inc., possession of the

property in controversy, together with a judgment for the recovery of attorney's fees. By three issues, Tillman contends the trial court erred by (1) adjudging her "guilty of forcible detainer" when there was no landlord-tenant relationship; (2) proceeding to an adjudication of her right of occupancy because her ownership interest was being litigated in a separate court; and (3) awarding Lake Pointe recovery of attorney's fees because its notice to vacate failed to comply with certain provisions of the Texas Property Code. We affirm the judgment of the trial court as to the issue of the right of occupancy of the property in controversy; however, we reverse the judgment of the trial court as to the issue of attorney's fees and render a take-nothing judgment.

### BACKGROUND

The dispute in this proceeding initially involved the right to occupy certain real property described as 2140 Lakeland Drive, Unit D35, Canyon Lake, Texas 78133. Unit D35 is not an apartment, a townhouse, or a condominium; nor is it a residential dwelling covered by a typical landlord-tenant relationship. It is a pad upon which Tillman parked her recreational vehicle by virtue of her ownership interest in a "membership" in the Canyon Lake properties owned and managed by Lake Pointe. Lake Pointe owns and operates a fifty-two acre lake front resort at Canyon Lake, Texas. As owner and operator, Lake Pointe sells both "memberships" and leases spaces for people to park their recreational vehicles while they enjoy the amenities of Canyon Lake.

Initially, Lake Pointe took the position that Tillman, as a member of the owner's group, violated certain provisions of the *Lake Pointe Owner's Group Corporate Bylaws*, thereby authorizing the Board of Directors of Lake Pointe to immediately suspend Tillman's membership, subject to her right to appeal that suspension in accordance with

2

paragraph 2.10(b) of the corporate bylaws.[1]  According to paragraph 2.10(a) of those same bylaws, suspension of membership resulted in the immediate suspension of the right to "use of any facilities owned or operated by the Corporation or any other rights of Membership," including the right to the "non-exclusive use of Corporation property."  On September 19, 2018, Lake Pointe sent Tillman a written notice of suspension requesting her to vacate the premises and remove her personal property within forty-eight hours after receiving that notice.  On September 24, 2018, Tillman was sent a second *Notice to Vacate*, informing her that suit would be filed if she did not vacate by the "end of the day on September 27, 2018."  Tillman did not voluntarily vacate the premises and an eviction proceeding was filed; however, that proceeding was subsequently dismissed to allow Tillman the opportunity to pursue an appeal of the initial suspension of her membership rights.

A hearing on Tillman's appeal of her suspension was scheduled before Lake Pointe's Board of Directors for January 19, 2019; however, that hearing was also canceled when, on January 17, 2019, Tillman filed a lawsuit in the District Court of Comal County, in Cause Number C2019-0125B, challenging the suspension of her membership, seeking monetary damages, a temporary injunction, and a temporary restraining order to prevent Lake Pointe from terminating her membership rights and evicting her from the property.  A temporary restraining order was issued.  However, that order was later dissolved by the district judge.

---

[1] According to the corporate bylaws, "[w]hen a Member is so notified of suspension, he may request in writing a hearing for the purpose of appeal to the Board of Directors."  In addition, "[a] Member shall have the right to be represented by counsel at the hearing.  The Board of Directors or the Hearing Committee may act by majority vote."  There is no provision for an appeal from the decision of the Board of Directors.

After the restraining order was lifted, Lake Pointe rescheduled Tillman's appeal hearing for March 2, 2019, and new notice was given. Tillman and her attorney appeared for that hearing and presented the case, after which the Board of Directors voted unanimously to deny her appeal and terminate her membership. Written notice of termination was sent to Tillman on March 6, 2019. That same day, Lake Pointe provided her its third *Notice to Vacate* Unit D35, this time informing Tillman that she needed to remove her personal property by the end of the day on March 10, 2019. On March 8, 2019, Tillman attempted to "appeal" the Board's decision to terminate her membership by sending Lake Pointe her *Defendant's Notice of Appeal* purporting to appeal "the final judgment of the Hearing Committee of Lake Pointe Owner's Group, Inc. . . . to the County Court at Law, Comal County, Texas for trial de novo."[2]

When Tillman failed to vacate the area identified as "Unit D35," Lake Pointe then filed the underlying eviction proceeding in the Justice of the Peace Court, in Cause Number E419024, on March 14, 2019. A hearing on that petition was scheduled for March 28, 2019. On March 27, 2019, Tillman filed her *Special Appearance, Plea to the Jurisdiction, or Alternatively, Original Answer, and Sanctions,* alleging that she had perfected "her appeal of the Hearing on Suspension" and that as a result thereof, the justice court lacked jurisdiction because "ownership" was in issue. In addition to seeking to stop the eviction proceeding, Tillman also asked for recovery of sanctions and attorney's fees. Notwithstanding Tillman's dilatory pleas, on March 28, 2019, the justice

---

[2] Though not determinative of any issue in this appeal, on March 29, 2019, purporting to "appeal" the decision of Lake Pointe Board of Directors to terminate her membership, Tillman actually filed a new lawsuit in the County Court at Law of Comal County, in Cause Number 2019CVB0150 that is separate and distinct from her district court proceeding in Cause Number C2019-0125B.

court awarded Lake Pointe recovery of possession and attorney's fees of $5,000. That same day, Tillman filed a timely notice of appeal seeking a trial *de novo* before the County Court at Law, Comal County, Texas, this time in Cause Number 2019CVA0179, the cause number the subject of this appeal. In that cause, Tillman subsequently filed a *Motion to Dismiss for Lack of Jurisdiction* and, alternatively, she sought a continuance of the matter pending resolution of her membership "appeal."

After several delays, a *de novo* hearing was held on October 2, 2019. In addition to the facts and circumstances surrounding the termination of Tillman's membership, testimony established that she did not pay most of the membership dues and fees assessed during the year-long period in which she contested the suspension and termination of her membership. The testimony also established there was no written lease agreement between the parties and that Tillman's attempts to pay "rent" as a non-member were refused. After Lake Pointe rested, Tillman's attorney moved for a directed verdict arguing that because there was no landlord-tenant relationship, there could be no forcible detainer cause of action. The trial court denied the motion for a directed verdict and further testimony was presented. When both sides closed, the trial court announced it was awarding Lake Pointe possession of the premises following five days from the date of judgment and the recovery of reasonable and necessary attorney's fees in the sum of $23,000. That same day, the trial court signed its *Final Judgment of Eviction* memorializing that order. On October 4, 2019, Tillman filed a motion for new trial, a motion to approve a supersedeas bond, a request for findings of fact and conclusions of law, a request to prepare a partial reporter's record, a request for documents to be included in the clerk's record, and a notice of appeal.

On October 17, 2019, Lake Pointe requested the issuance of a *Writ of Possession.* That writ was issued and subsequently executed by a Comal County constable on October 30, 2019, by placing the property in question in Lake Pointe's possession. On November 6, 2019, Tillman filed her *Supplemental Motion for New Trial, and Motion to Set Aside Writ of Possession, Restore Status Quo, and Sanctions* and her *Motion to Set Aside Attorney's Fees as a Matter of Law.* Tillman's post-trial and post-eviction motions were denied, and this appeal followed.

### ISSUES ONE AND TWO—RIGHT OF POSSESSION

By her first two issues, Tillman contends the trial court erred in granting Lake Pointe possession of the premises in controversy because (1) it should not have adjudicated her "guilty of forcible detainer" when there was no landlord-tenant relationship and (2) it should not have proceeded to an adjudication of the right of possession before her ownership interest could be litigated in a separate court. While Lake Pointe does address each of those points separately, as a procedural matter it contends that these two issues have been rendered moot because Tillman is no longer in possession of the premises in question. *See Marshall v. Hous. Auth. of the City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006) (holding that because the appellant did not assert a potentially meritorious claim of right to current actual possession, that portion of her appeal concerning possession was moot).

Tillman suggests in her brief that Lake Pointe is guilty of pursuing the wrong cause of action and it should have pursued eviction on some other ground—such as trespass. She then premises her argument that a forcible detainer action requires proof of a landlord-tenant relationship, reasoning that because there was no landlord-tenant

6

relationship existing between her and Lake Pointe, the trial court erred by adjudicating her "guilty of forcible detainer." A careful review of Lake Pointe's pleadings reveals otherwise. The suit in justice court was originally filed *pro se*, and the *Justice Court Civil Case Information Sheet* reflects the "case type" as an "***Eviction:*** An eviction case is a lawsuit brought to recover possession of real property, often by a landlord against a tenant . . . ." (Emphasis in original). Nothing about this statement restricts the relationship between the parties to a traditional landlord-tenant relationship. Instead, the operative words here are *eviction* and *possession*. The petition itself is entitled: "<u>PETITION: EVICTION CASE</u>" and the factual allegations are stated as "grounds for eviction." Finally, the prayer for relief asks for "possession of the premises." Under the facts and circumstances of this case, we should not get caught up in the descriptions or labels ascribed to the parties by the various entities involved in this litigation, including their legal representatives. Instead, we should look to their relationships and to the rights and duties that naturally arise from those relationships.

In that regard, it is undisputed that Lake Pointe is the owner of the real property in controversy and that Tillman has no ownership interest in that property. In fact, the instrument by which Tillman claims membership rights also provides that "[a]ll real and personal property, including all improvements located on the property, acquired by the Corporation shall be owned by the Corporation. A Member shall have no interest in specific property of the Corporation." Tillman's only claim is an incorporeal "membership" interest in a corporation, together with the attendant rights of membership, subject to suspension or termination in accordance with the rules and procedures set forth in the bylaws of that Corporation. As such, Tillman's interest in the property in controversy is

7

subordinate to Lake Pointe's interest. According to *Black's Law Dictionary*, "in the broadest sense" a "tenant" is "one who holds or possesses land or tenements by any kind of right or title, whether in fee, for life, for years, at will, or otherwise." BLACK'S LAW DICTIONARY (6th ed. 1990). Under this definition, Tillman would certainly be considered a tenant in any legal proceeding seeking eviction.

In that regard, an action for forcible detainer is intended to be a speedy, simple, and inexpensive means to obtain immediate possession of real property from a tenant. *Marshall*, 198 S.W.3d at 787. It is not intended to be a final determination of whether the eviction itself was wrongful; rather, it is merely a determination of the right to immediate possession of the premises. *Id.* (citing TEX. PROP. CODE ANN. § 24.008 (West 2014)) (providing that a suit for forcible detainer "does not bar a suit for trespass, damages, waste, rent, or mesne profits").

Additionally, Lake Pointe asserts that Tillman's appeal as to the issue of possession should be dismissed because the premises in question are not being used exclusively for residential purposes based on provisions of the Texas Property Code. Section 24.007 of the Property Code provides that a "final judgment of a county court in an eviction suit may not be appealed on the *issue of possession* unless the premises in question are being used for *residential purposes only*." TEX. PROP. CODE ANN. § 24.007 (West Supp. 2020). (Emphasis added). Lake Pointe reasons that because its properties are commercially available to the public, the commercial use of the property makes this provision applicable, rendering issues one and two unappealable.

Without having to address section 24.007, because we find the trial court granted Lake Pointe judgment for "possession of the premises" in controversy rather than adjudging Tillman "guilty of forcible entry and detainer" in a landlord-tenant context, and because we find that Tillman was a tenant at sufferance as to the property in controversy, and because we further find Tillman does not now and has not in the past made a claim of ownership as to the real property the subject of the judgment of possession but rather claims ownership in an incorporeal membership right in the Corporation, we overrule issues one and two.

### ISSUE THREE—ATTORNEY'S FEES

To be eligible to recover attorney's fees in an eviction suit, the party entitled to possession must give the party who is unlawfully retaining possession written demand to vacate the premises. TEX. PROP. CODE ANN. § 24.006 (West 2014). The demand must state that if the occupant does not vacate the premises before the eleventh day after receipt of the notice to vacate, and if suit is filed, the party entitled to possession of the premises may recover attorney's fees. *Id.* In addition, the demand must be sent by registered mail or by certified mail, return receipt requested, at least ten days before the date suit is filed. *Id.*

Therefore, to be entitled to the recovery of attorney's fees pursuant to section 24.006 of the Texas Property Code, a claimant must establish four separate elements: (1) a written demand to vacate the premises, (2) stating that the claimant will seek the recovery of attorney's fees if the occupant does not vacate the contested premises before the eleventh day after delivery of the demand to vacate, (3) sent by registered or certified mail, return receipt requested, and (4) sent at least ten days before the date suit was filed.

By her third issue, Tillman contends the trial court erred by awarding Lake Pointe attorney's fees because its March 6, 2019 notice to vacate failed to comply with section 24.006 of the Texas Property Code because it demanded that she vacate the premises "no later than the end of the day on March 10, 2019," thereby failing to give her the statutory eleven days to avoid liability for attorney's fees. Lake Pointe asks this court to rely on an implied finding by the trial court that Tillman received actual notice of more than "an 11 day move out period" based on the fact that she caused a ninety-day delay of the first eviction suit. Tillman further contends that the notice fails to comply with section 24.006 because suit for eviction was filed only eight days after the March 6, 2019 notice, rather than the statutory ten days. In response, Lake Pointe contends the eviction proceeding was filed more than ten days following the original September 24, 2018 notice to vacate letter.

Viewing the evidence in the light most favorable to the verdict, we find the evidence is insufficient to establish that any notice provided by Lake Pointe to Tillman met all four requirements for the recovery of attorney's fees pursuant to section 24.006. As the recovery of attorney's fees is a statutory remedy, strict compliance with the statute is required. *Geters v. Baytown Housing Authority*, 403 S.W.3d 578, 584 (Tex. App.—Houston [14th Dist.] 2014, no pet.). Because Lake Pointe's notice did not comply with the requirements of section 24.006, it failed to conclusively establish that it was entitled to recover any attorney's fees incurred in the prosecution of this eviction proceeding. Tillman's third issue is sustained.

10

**CONCLUSION**

The judgment of the trial court is affirmed as to the right of possession; however, the judgment is reversed as to the award of attorney's fees and judgment is rendered that Lake Pointe take nothing from and against Tillman on account of its claim of attorney's fees.

Patrick A. Pirtle
Justice