RENDERED: APRIL 16, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-0962-MR

STEPHEN SCHOMAKER                                     APPELLANT


APPEAL FROM CAMPBELL CIRCUIT COURT
v.        HONORABLE JULIE REINHARDT WARD, JUDGE
ACTION NO. 16-CR-00083


COMMONWEALTH OF KENTUCKY                              APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: JONES, MAZE, AND TAYLOR, JUDGES.

MAZE, JUDGE: The single issue in this appeal is whether the Campbell Circuit

Court erred in denying appellant Stephen Schomaker's motion to amend a

judgment proscribing contact with minors, including his biological children. The

judgment was based upon appellant's guilty plea to two counts of first-degree rape,

ten counts of promoting a sexual performance by a minor, and twelve counts of

sexual abuse in the first degree. Because the circuit court did not clearly err in denying the relief sought, we affirm.

The victim in this case is the half-sister of appellant's biological children. Upon appellant's guilty plea to the crimes charged, the trial court entered judgment on July 20, 2017, sentencing him to twenty years' imprisonment and prohibiting appellant from contact with "minors without permission of his probation officer or treatment provider. . . ." Appellant attempted to challenge the no-contact provision regarding his biological children at sentencing, but upon being advised of a Campbell Family Court case dealing with the issue of contact with his biological children, the trial court declined to address the issue and informed appellant he could raise it at a later time.

On October 17, 2018, appellant filed a motion to amend the judgment to permit him to correspond with his children, to be permitted to have telephone calls with his children; and to have access to his children's school and medical information. After conducting a hearing on the motion, the trial court entered an order denying the motion. This appeal followed.

Prior to considering the merits of appellant's contentions for reversal, we must address the timeliness of appellant's October 17, 2018 motion to amend the judgment. As the Commonwealth points out, the motion to amend the judgment was filed well beyond one year after the trial court lost jurisdiction to

-2-

modify its July 20, 2017 judgment.  The Commonwealth further argues that relief

is not available by treating his CR[1] 59.05 motion as one for relief under CR 60.02.

We agree.

In *Commonwealth v. Gross*, our Supreme Court disposed of a nearly

similar question regarding the application of CR 60.02:

> As stated in previous opinions of this Court, **the purpose of CR 60.02 is to allow the trial court a method to correct errors in judgments upon a showing of "facts or grounds, not appearing on the face of the record and not available by appeal or otherwise, which were discovered after rendition of judgment without fault of the party seeking relief.**"  *Harris v. Commonwealth*, Ky., 296 S.W.2d 700, 701 (1956); *see also Gross v. Commonwealth*, Ky., 648 S.W.2d 853, 856 (1983).  The trial court order modifying this sentence indicated that in its original sentencing hearing the required pre-sentence investigation report opined that Gross was not eligible for probation as a result of his convictions.  This opinion was not challenged at that sentencing hearing nor was it challenged on direct appeal in his first appeal to the Court of Appeals.  It is only after the passage of two years that Gross advanced the argument to which the trial court agreed that his convictions were in fact eligible for probation.  Whether Gross was eligible for probation or not is immaterial in this adjudication in that the issue did appear on the face of the record and was not challenged by Gross at the sentencing hearing. Therefore, the issue appears to be barred from any collateral attack whether by CR 60.02 or otherwise.

936 S.W.2d 85, 88-89 (Ky. 1996) (emphasis added).

---

[1] Kentucky Rules of Civil Procedure.

Unlike the situation in *Gross*, however, appellant here raised the issue of contact with his biological children at sentencing and the trial court declined to address it, advising him that he could revisit the issue at a later time. Thus, although appellant did not request CR 60.02, we will consider its applicability to his motion.

CR 60.02 provides that a court may relieve a party from its final judgment upon a satisfactory showing that one of the following grounds has been established:

> (a) mistake, inadvertence, surprise or excusable neglect;
> (b) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59.02;
> (c) perjury or falsified evidence;
> (d) fraud affecting the proceedings, other than perjury or falsified evidence;
> (e) the judgment is void, or has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
> (f) any other reason of an extraordinary nature justifying relief.

The rule also specifically provides that "[t]he motion shall be made within a reasonable time, and on grounds (a), (b), and (c) not more than one year after the judgment, order, or proceeding was entered or taken."

Subsections (a), (b), and (c) are inapplicable because appellant's motion to amend the judgment was lodged more than one year after entry of the

judgment. No facts were alleged in the motion which would implicate subsections (d) and (e). Thus, appellant's only possible avenue for relief comes via subsection (f) which requires a showing of "a reason of an extraordinary nature justifying relief." That avenue is foreclosed as well.

As the Supreme Court reiterated in *Gross*, CR 60.02 is designed to remedy errors only upon a showing of "facts or grounds, not appearing on the face of the record and not available by appeal or otherwise, which were discovered after rendition of judgment without fault of the party seeking relief." 936 S.W.2d at 88 (citation omitted). Even had appellant properly sought relief under this rule, he could not satisfy its standard for obtaining relief because: 1) the facts and grounds underpinning his CR 59 motion do appear on the face of the record; 2) he did have available other avenues of relief, including a timely motion to withdraw his guilty plea or through an appeal; and 3) the grounds for his requested relief were known to him at the time of judgment and were in fact addressed at sentencing. In addition, this precise issue is being addressed in proceedings in the Campbell Family Court.

Finally, even if we were to conclude that Schomaker's motion should be treated as one under CR 60.02 to avoid the timeliness issue, we would nevertheless affirm the denial of relief by the trial court. After conducting a hearing, the trial court made findings on the record including: 1) that it had

declined to consider appellant's contact motion at sentencing because his family had acted aggressively toward the victim's mother during that proceeding; 2) that despite his guilty plea, appellant has never accepted responsibility for his actions; 3) that because the victim still lives in the same home as appellant's biological children, contact would further complicate an already difficult family dynamic; and 4) that a parent's wish concerning contact is not always what is in the children's best interest. In addition to these factors, we note that appellant does not argue that he has complied with the sentencing requirements that he complete the Department of Corrections Sex Offender Treatment Program or that he attempted to obtain the permission of his probation officer or treatment provider. Without evidence that he complied with those sentencing requirements, his request for contact with his biological children would appear to be premature.

Accordingly, we affirm the judgment of the Campbell Circuit Court denying appellant's motion for contact with his biological children.

ALL CONCUR.

BRIEF FOR APPELLANT:                    BRIEF FOR APPELLEE:

Harry P. Hellings, Jr.                  Daniel Cameron
Covington, Kentucky                     Attorney General of Kentucky

                                        E. Bedelle Lucas
                                        Assistant Attorney General
                                        Frankfort, Kentucky