## Woll, Commissioner of Welfare, et al. v. Commonwealth ex rel. Meredith, Attorney General.

Dec. 17, 1940.

William B. Ardery, Judge.

Philip Ardery for appellants.

Hubert Meredith, Attorney General, and Jesse K. Lewis, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE RATLIFF—
Affirming.

One Lee Bradley was indicted by the grand jury of Jefferson county charging him with the crime of murder. Bradley was brought to trial June 13th, 1938, and entered a plea of guilty of manslaughter, an offense included in the indictment, and the jury fixed his punishment at confinement in the penitentiary for a term of five years. On motion of the Commonwealth's Attorney the court probated three years of the five-year sentence and entered judgment ordering Bradley confined in the state penitentiary at LaGrange, Kentucky, for a term of two years. A question arose as to when Bradley would be eligible for parole by the Department of Welfare, that is, whether he will be eligible when he had served one-half of the two years for which he was sentenced to serve in the penitentiary, or whether he would have to serve one-half of five years, in accordance with the verdict of the jury.

For a judicial decision of the question of law involved the Commonwealth of Kentucky, on relation of Hubert Meredith, Attorney General, brought this action in the Franklin circuit court against Margaret Woll, Commissioner of Welfare, and members of the Parole Board of the Department of Welfare, insisting that under Section 979b-5, Carroll's Kentucky Statutes, 1936 Edition, commonly known as the Probation Act, circuit courts are without authority to split a sentence fixed by the jury by probating a part thereof and entering judgment on the remainder in the way and manner indicated above.

It is also alleged in the petition that there are several additional cases like and similar to the present one wherein courts in this Commonwealth have split the sentences of persons convicted in said courts and confined in the state reformatory for only a part of the sentence given them by a jury and put on probation as to the rest of the sentence, and that great confusion has arisen in the minds of the authorities, defendants herein, as to their duties, charged by law with paroling prisoners, and that an actual controversy exists in the instant case as well as similar ones involving like and similar questions. Hence a construction of the statute, supra, is prayed.

Upon a trial of the case the judge of the Franklin

circuit court was of the opinion and so adjudged that the Probation Act gives no authority to the judges of circuit courts in criminal cases to change the punishment imposed by the trial jury by splitting the sentence, and if the circuit court grants probation it must be in toto of the entire sentence as fixed by the jury. For a final determination of the question, the Commissioner of Welfare and the members of the Parole Board have prosecuted this appeal.

The pertinent part of that statute reads:

"Except in the cases next hereinabove provided, the aforesaid courts, after a plea of guilty or after the returning of a verdict of guilty by the jury, may postpone the entering of judgment and the sentencing of such defendant and place the defendant on probation, or may impose a fine and also place the defendant on probation."

It is thus seen that the statute does not provide that the court shall have power to postpone the entering of judgment as to part only of a sentence fixed by the jury, and enter judgment and sentence a defendant to prison on the rest of the penalty, commonly referred to as "splitting" a sentence.

If the legislature had intended to authorize circuit courts to place a defendant on probation as to *only a part* of the penalty fixed by the jury, assuming without deciding that it could do so, evidently it would have so provided in exact language or language clearly indicating such intention. But in the absence of such language, neither express nor by necessary implication, we do not think the court is authorized to amend the statute by interpolating therein language conferring such authority.

We are constrained to the conclusion, therefore, that no authority is conferred upon the courts to split a sentence imposed by a jury, and if the courts exercise the power of granting probation it must be in toto rather than in part only.

For reasons stated, the judgment is affirmed.