RENDERED: APRIL 8, 2022; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0621-MR

DANIEL MORELAND                                                APPELLANT

                   APPEAL FROM CLINTON CIRCUIT COURT
v.                   HONORABLE DAVID L. WILLIAMS, JUDGE
                   ACTION NOS. 08-CR-00078 AND 08-CR-00079

COMMONWEALTH OF KENTUCKY                          APPELLEE

OPINION
REVERSING

** ** ** ** **

BEFORE: CALDWELL, COMBS, AND L. THOMPSON, JUDGES.

THOMPSON, L., JUDGE: Daniel Moreland ("Appellant") appeals from an order

of the Clinton Circuit Court revoking his probation. He argues that his sentence

has been fulfilled, and that the circuit court erred in failing to make findings in

support of probation revocation. For the reasons stated below, we reverse the order

of the Clinton Circuit Court revoking Appellant's probation.

## FACTS AND PROCEDURAL HISTORY

In 2008, a Clinton County grand jury returned two indictments against Appellant charging him with various sex offenses. Appellant pleaded guilty to reduced charges under both indictments, and on April 19, 2010, was sentenced to "a total of twenty (20) years, serve a total of ten (10) years, balance probated. Probation is to be supervised for a period of ten (10) years."

After serving 10 years in prison, Appellant was released and was purportedly placed on 10 years of probation. On March 15, 2021, the Commonwealth moved to revoke Appellant's probation based on numerous violations. Appellant responded that there was no statutory mechanism to probate a sentence after time had been served.

A hearing on the matter was conducted on April 8, 2021. Appellant, through appointed counsel, did not contest the violations. Rather, he argued that revocation of probation was improper because the statutory law does not allow for a sentence of 10 years in prison followed by 10 years of probation. The Commonwealth responded that Appellant accepted the plea offer providing for a 20-year sentence – the last 10 of which were probated – in exchange for substantially reduced charges. Further, the Commonwealth noted that the Department of Corrections accepted the sentence. The circuit court revoked Appellant's probation, and this appeal followed.

## STANDARD OF REVIEW

We review a trial court's order revoking probation for abuse of discretion. *Commonwealth v. Lopez*, 292 S.W.3d 878, 881 (Ky. 2009). Abuse of discretion is found where the decision is "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

## ARGUMENTS AND ANALYSIS

Appellant, through counsel, argues that the Clinton Circuit Court committed reversible error in revoking his probation. He asserts that instead of revoking his probation, the court should have ordered that his sentence was fulfilled. As a basis for this claim, Appellant directs our attention to Kentucky Revised Statutes ("KRS") 533.040(1), which provides that "probation . . . commences on the day it is imposed." Appellant notes that the order addressing probation was entered on April 22, 2010,[1] and it is upon this day that the probationary period should have commenced. Appellant also cites KRS 533.020(4), which states that the period of probation shall not exceed five years, or the time necessary to complete restitution. No restitution was ordered in this case. Finally, Appellant directs us to *Woll v. Commonwealth ex rel. Meredith*, 284 Ky.

---

[1] Judgment and sentence were entered on April 19, 2010. Though not shown in the record, it appears that Appellant moved for probation shortly thereafter. This resulted in an order of probation entered on April 22, 2010.

783, 785, 146 S.W.2d 59, 60 (1940), which he contends holds that the courts of the Commonwealth may not override the legislative determination that a defendant could not be sentenced to both imprisonment and probation. In sum, Appellant argues that probation after incarceration is not authorized by the Legislature, that he served 10 years as required by the sentence entered by the Clinton Circuit Court, and that he has fulfilled his sentence and is no longer subject to probation.

The question for our consideration is whether the sentencing scheme created by Kentucky General Assembly allows for a period of probation after service of time in prison. We conclude that it does not. "When a person who has been convicted of an offense or who has entered a plea of guilty to an offense *is not sentenced to imprisonment*, the court may sentence him to probation[.]" KRS 533.020(2) (emphasis added). "[P]robation . . . commences on the day it is imposed[,]" KRS 533.040(1), and, aside from a limited exception not applicable herein, probation for a felony conviction shall not exceed five years. KRS 533.020(4). As a general rule, a trial court loses jurisdiction over a criminal case ten days after entry of a final judgment. Kentucky Rules of Civil Procedure ("CR") 59.05; *Commonwealth v. Gaddie*, 239 S.W.3d 59, 62 (Ky. 2007).

Sentencing options include 1) imprisonment, 2) probation, 3) probation with alternative sentencing, and 4) conditional discharge. KRS

533.010(2).[2]  The General Assembly has provided no option for a term of

imprisonment followed by a period of probation, also known as a "split sentence."

*See Woll*, *supra*, holding that the Legislature has not provided for sentence

splitting.[3]

> Probation is also to be distinguished from parole:
>
> [P]robation and parole are distinct from one another.
> Probation is a sentencing alternative; the trial court . . .
> first decides on a sentence of imprisonment . . . but then
> imposes conditions for release and supervision – in lieu
> of implementation of incarceration – at sentencing.  The
> power to enter a judgment sentencing a defendant to a
> sentence of probation rests entirely with trial courts.  But
> once a defendant is incarcerated, the actual length of [a
> defendant's] imprisonment is determined by the parole
> board . . . .  [T]he power to grant parole is a purely
> executive function.  Kentucky courts have . . .
> conceptualized probation as the suspension of
> the *imposition* of a sentence while, after imposition,
> parole suspends *execution* of a sentence[.]

*Edwards v. Harrod*, 391 S.W.3d 755, 760-61 (Ky. 2013) (internal quotation marks,

footnotes, and citations omitted) (emphasis in original).

> Further,
>
> [w]hether recommended by an errant jury or by the
> parties through a plea agreement, a sentence that is
> outside the limits established by the statutes is still an
> illegal sentence.  Furthermore, an illegal sentence cannot

---

[2] *See also* Kentucky Court of Justice judgment and sentencing form AOC-445.

[3] *Woll* was rendered 82 years ago and addressed the statutory law as it existed at the time.  As such, its precedential value is limited.

stand uncorrected. Because it is the trial judge, and not the jury or the prosecutor or the defendant, that actually imposes a sentence by signing his or her name to the final judgment, it is to the judiciary that the legislative commandments . . . are directed. The fact that [the defendant] agreed to an illegal sentence did not matter. A sentence that lies outside the statutory limits is an illegal sentence, and the imposition of ***an illegal sentence is inherently an abuse of discretion***. Our courts must not be complicit in the violation of the public policy embedded in our sentencing statutes by turning a blind eye to an unlawful sentence, regardless of a defendant's consent. Because the plea agreement violated the law, it [was] a contract which our courts may not enforce. Further, an appellate court is not bound to affirm an illegal sentence just because the issue of the illegality was not presented to the trial court.

*Phon v. Commonwealth*, 545 S.W.3d 284, 302 (Ky. 2018) (internal quotation marks and citations omitted) (emphasis added).

The Clinton Circuit Court's order of probation after imprisonment was contrary to KRS Chapter 533. As such, it was an "illegal sentence" and the revocation of the probation inherently an abuse of discretion. *Phon*, *supra*. It matters not that the sentence was bargained for in exchange for a guilty plea, nor that it was accepted by the Department of Corrections.

"In cases involving statutory interpretations, the duty of the court is to ascertain and give effect to the intent of the General Assembly." *Commonwealth v. Harrelson*, 14 S.W.3d 541, 546 (Ky. 2000). The courts may not "add or subtract from the legislative enactment or discover meanings not reasonably ascertainable

from the language used." *Id.* (citation omitted). KRS Chapter 533 is not ambiguous. As the circuit court was not vested with authority to order probation after imprisonment, Appellant was never on probation after his release from prison. As such, he could not have violated the conditions thereof.

## CONCLUSION

Though Appellant was sentenced to 20 years in prison, he was ordered to serve only 10 years of the sentence. We may not now reach back through the corridor of time and impose a sentence in excess of the term of imprisonment ordered on April 19, 2010 – a term which Appellant has already completed. Further, there is no lawful basis for remanding the matter for resentencing after Appellant's term of imprisonment was completed. The imposition of a probationary period after service of imprisonment is *ex facie* illegal, and constitutes an abuse of discretion. We hold as a matter of law that a trial court may not order a term of imprisonment followed by a period of probation. Appellant, therefore, was not on probation upon his release from incarceration, and could not have violated its purported terms. As noted in *Phon*, 545 S.W.3d at 302, "an illegal sentence cannot stand uncorrected." Appellant's remaining argument is moot. For these reasons, we reverse the April 8, 2021 order of the Clinton Circuit Court revoking Appellant's probation.

ALL CONCUR.


BRIEFS FOR APPELLANT:          BRIEF FOR APPELLEE:

Molly Mattingly                 Daniel Cameron
Frankfort, Kentucky           Attorney General of Kentucky

                                     Stephanie L. McKeehan
                                     Assistant Attorney General
                                     Frankfort, Kentucky